## JACOB PALMER v. MICHAEL HUMMER.

PROMISSORY NOTE; *When Due; Conditions.* A note acknowledging a valuable consideration, and promising to pay the same in six months, "or as soon as I can with due diligence make the money out of said patent-right," is payable in six months.

*Error from Wyandotte District Court.*

PALMER sued *Hummer* before a justice of the peace upon a written instrument in words as follows:

"WYANDOTTE, KANSAS, May 4, 1870.

"In consideration of a purchase from Jacob Palmer of a right patented May 18th, 1869, by Theodore DeKemp, of Kirkwood, Missouri, for making and vending wooden spring seats for wagons, I hereby promise to pay him two hundred and fifty dollars in six months, or as soon as I can with due diligence make the money out of said patent-right.

"M. HUMMER."

The justice gave judgment in favor of *Palmer*. *Hummer* removed the cause to the district court by appeal, where it was tried at the March Term 1872. The district court held "that at the commencement of this action the obligation set forth in the plaintiff's bill of particulars had not matured, and that defendant was not indebted to said plaintiff in any sum by reason of said obligation," and gave judgment in favor of the defendant. *Palmer* brings the case here on error.

*Cook & Sharpe,* for plaintiff in error, contended that the note sued on was due in six months from its date, at farthest, and they cited and relied upon the case of *Jones v. Eisler,* 3 Kas., 134, 138. They also contended that if the condition in the note was valid for any purpose, it was an agreement to pay the sum stipulated *before* the six months expired if

Hummer should, before that time, make the money out of his purchase.

*Cobb & Alden*, for defendant in error:

The court below decided that the note did not become due until Hummer "with due diligence could make the money out of the patent-right." And this was correct. All that was required of defendant was "due diligence," and if he use due diligence, and fail to make the money out of the patent-right, then payment of the instrument cannot be enforced.

If the contract be in the alternative, to do a thing on one day or another, or in one way or another, the right of election is with the promissor. The rule is, "that in case an election be given of two several things, always he that is the first agent, and which ought to do the first act, shall have the election." 2 Pars. on Cont., 170, 171; 11 Johns., 59; Poth. on Obl., 246 to 258; 36 Maine, 270.

The opinion of the court was delivered by

KINGMAN, C. J.: According to the principles settled in the case of *Jones v. Eisler*, 3 Kas., 134, the writing sued on in this case was due in six months. It was payable in that time, or it might never become payable at all. It cannot be inferred from the note that it was the intention of the parties that it should not be paid unless the maker should realize the amount of the patent which he purchased. The paper not being susceptible of such a construction, it must have become due at the end of six months. It is not a contract to do a thing on one day or another, in which case the party who is under obligation to do the thing has an election as to the day. It is, taken literally, an acknowledgment of indebtedness for value received with a promise to pay the indebtedness upon a certain day, or on a contingency that might never happen. The note does not authorize a conclusion that it was the purpose of the parties thereto that it should in any event never be paid. Such being the tenor of the note, it must be held as due in six months. The judgment is reversed.

All the Justices concurring.