## AMORISIA v. RANDO et al.

### (Supreme Court, Appellate Term. May 19, 1904.)

1. APPEALS—EFFECT—STAY OF PROCEEDINGS.

An appeal to the Appellate Term of the Supreme Court from an order of the Municipal Court granting a new trial does not operate as a stay, without an application having been made therefor to the Appellate Term. Code Civ. Proc. § 1310, providing that appeals to the general term of any court, or to the Appellate Division of the Supreme Court, or to the Court of Appeals shall stay all proceedings to enforce the judgment or order appealed from, has no application.

2. ACTIONS—DISMISSAL—FAILURE TO PROSECUTE.

Where the proceedings in the lower court were not stayed on an appeal by plaintiff from an order granting defendant a new trial, plaintiff's failure to either obtain a stay or prosecute his action was ground for dismissal.

3. APPEALS—DISMISSAL.

Where the affirmance of a default judgment in favor of defendant leaves no action pending, an appeal by plaintiff from an order previously entered, granting defendant a new trial, should be dismissed.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Angelo Amorisia against Frank Rando and another. From an order granting defendants a new trial, and from a judgment of default in favor of defendants, plaintiff appeals. Judgment affirmed, and appeal from order dismissed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Peter C. Kelly, for appellant.

Saitta & Thiele, for respondents.

FREEDMAN, P. J. There are two appeals in this case, both taken by the plaintiff. (1) An appeal from an order granting a new trial to the defendants upon the ground of newly discovered evidence. (2) An appeal from a judgment of default in favor of the defendants, against the plaintiff for costs.

The history of the case is substantially as follows: The plaintiff obtained a judgment against the defendants on August 30, 1903, and the defendants duly appealed therefrom. Subsequently the defendants, upon a motion duly made for that purpose, obtained an order granting a new trial and vacating the judgment. From this order the plaintiff appealed, being appeal No. 1 aforesaid. The appeal from the judgment taken by the defendants was discontinued by consent. After the motion for a new trial was granted, the case was set down for trial upon December 9, 1903, and adjourned by consent of parties until December 29, 1903. Plaintiff failed to appear on the last-named day, claiming that their then pending appeal from the order granting a new trial operated as a stay. The case was again adjourned until January 5, 1904, and, plaintiff then failing and refusing to appear, the complaint was dismissed with costs, and the appeal from the judgment so rendered is appeal No. 2 herein.

The plaintiff is in error. The appeal from the order granting the motion for a new trial did not of itself operate as a stay. Section 1310 of

the Code of Civil Procedure, relied upon by plaintiff, has no application here. If the plaintiff had desired a stay pending the appeal from the order, an application therefor should have been made to this court. The proceedings in the lower court not having been stayed, the failure of the plaintiff to either obtain a stay or prosecute his action was a justification for the dismissal of his complaint. The judgment must therefore be affirmed.

As the disposition of this appeal leaves no action pending, the merits of the appeal from the order granting a new trial need not be considered, and the appeal from such order should be dismissed.

Appeal from order dismissed, with $10 costs. Judgment affirmed, with costs. All concur.