[No. 15954.    In Bank.—January 30, 1896.]

## ESTATE AND GUARDIANSHIP OF THALIA TREADWELL et al., Minors.

Appeal—Order Revoking Letters of Guardianship—Acquiescence—Resignation — Settlement of Accounts — Dismissal of Appeal — Where an appeal has been taken from an order revoking and annulling letters of guardianship, the subsequent resignation by the guardian of his office, and the acceptance thereof by the court, together with the settlement of his accounts, operates as an acquiescence in the previous order of the court annulling his letters, and precludes him from assigning any error in such order, and renders proper an order dismissing the appeal upon the ground that all matters involved in the appeal were disposed of.

Id.—Notice to Recall Remittitur—Failure to Serve Notice of Dismissal — Non-Appearance at Argument of Cause — Denial of Motion.—The court will not in such case recall the remittitur for failure of the respondent to serve appellant with notice of motion to dismiss the appeal, where there was no appearance on behalf of the appellant when the case was called for argument in its order on the calendar, and the respondent in his absence then made a showing of facts upon which the court made the order dismissing the appeal, and where there is no counter showing of any false suggestion to the court or of any mistake as to the facts of the case.

Motion in the Supreme Court to recall a remittitur issued upon dismissal of an appeal from an order of the Superior Court of Santa Clara County revoking and annulling letters of guardianship.    John Reynolds, Judge.

The facts are stated in the opinion of the court.

*W. C. Burnett & L. C. Burnett*, for Appellant.

*Myrick & Deering*, and *C. D. Wright*, for Respondent.

HARRISON, J.—Motion to recall the remittitur. When this cause was called for argument, in its order upon the calendar, August 19, 1895, there was no appearance on behalf of the appellant, and the counsel for the respondent then stated to the court that, since the appeal was taken, the oldest of the minors had attained majority; and he also presented a certified copy of an order settling the account of the appellant as guardian of the estate of said minor and discharging him from his trust, and also a certified copy of another order of said court discharging the appellant as guardian of the other minors, made upon his own application—both of said orders having been made subsequent to the taking of the appeal herein, and submitted the matter to the court for such order as should be proper. Thereupon the court made an order that, as it appeared that all matters involved in the appeal were disposed of, the appeal be dismissed. September 20th the remittitur upon this order was filed in the superior court, and on the 18th of October a notice on behalf of the appellant was given to the attorneys for the respondent of a motion to set aside the order dismissing the appeal and to recall the remittitur, upon the ground that said order had been improvidently granted upon a false suggestion, and under a mistake as to the facts of the case. At the hearing thereon the appellant based his motion upon the ground that no notice of a motion to dismiss the appeal had been previously served upon him, but made no showing of any false suggestion to the court or of any mistake as to the facts of the case. In support of the order the respondent, in addition to the above certified copies, presented a certified copy of a petition made by the appellant to the superior court subsequent to the taking by him of the appeal herein, in which the appel-

lant stated that on the 13th of August, 1894, he resigned his trust as guardian of the minors, and that his resignation was duly and regularly accepted by the court.

The order from which the appeal herein was taken was made July 31, 1894, and was an order revoking and annulling a previous order appointing the appellant guardian of the minors. The resignation by the appellant of his office as such guardian, subsequent to the order revoking his letters, and the acceptance of such resignation by the court, together with the settlement of his account, operated as an acquiescence by him in the previous order of the court annulling his letters, and precluded him from assigning any error in such order, and rendered the order dismissing the appeal proper.

The motion is denied.

McFARLAND, J., GAROUTTE, J., VAN FLEET, J., TEMPLE, J., and HENSHAW, J., concurred.