[No. 89.   Third Appellate District.—October 18, 1905.]

MENDOCINO COUNTY, Respondent, v. H. N. PETERS et al., Appellants.

APPEAL—AFFIRMANCE OF JUDGMENT CONDEMNING LAND—ORDER FOR POSSESSION.—After the affirmance by the supreme court of a judgment in favor of the plaintiff for the condemnation of land, an appeal by the defendant from an order made after the judgment was entered authorizing the plaintiff to take possession of the land *pendente lite* will be dismissed, as the affirmance of the judgment renders the questions presented by the appeal from the order entirely moot.

APPEAL from an order of the Superior Court of Mendocino County authorizing the plaintiff to take possession of land *pendente lite.*    J. Q. White, Judge.

The facts are stated in the opinion of the court.

Weldon & Held, for Appellants.

U. S. Webb, ...ttorney General, and Robert Duncan, District Attorney, for Respondent.

McLAUGHLIN, J.—In this action an appeal was taken from the judgment condemning lands therein described, and from an order denying defendants' motion for a new trial. The judgment and order so appealed from were affirmed. (See *County of Mendocino* v. *Peters, ante,* p. 24, [82 Pac. 1122].)    The present appeal is from an order, made after such judgment was entered, decreeing "that said plaintiff take possession of and use the property described therein during the pendency of and until the final conclusion of the litigation herein."    The judgment having been affirmed, no judgment which could be rendered on this appeal would afford appellants any relief.    Reversal could not benefit nor affirmance injure him.    The order cannot add to nor subtract from the judgment this day affirmed, for the effect of such judgment is to pass title and right of possession to plaintiff. The affirmance, therefore, renders the order *functus officio,* and the questions presented become entirely moot.    "It thus appears that the parties to the litigation have no rights which can be affected by a reversal of the order, and that the correctness of the order has become merely an abstract question. The demands of actual practical litigation are too pressing to permit the examination or discussion of academic questions, such as this case in its present situation presents."    (*Foster* v. *Smith,* 115 Cal. 612, [47 Pac. 591, 592] ; *Weaver* v. *Reddy,* 135 Cal. 430, [67 Pac. 683] ; *Bradley* v. *Voorsanger,* 143 Cal. 214, [76 Pac. 1031] ; *San Diego* v. *Supervisors,* 97 Cal. 438, [32 Pac. 517].)

For the foregoing reasons, the appeal is dismissed.

Chipman, P. J., and Buckles, J., concurred.