[L. A. No. 3930.  Department One.—June 25, 1917.]

JOHN AGOURE, Respondent, v. E. R. PLUMMER et al., Appellants.

LANDLORD AND TENANT—LEASE FOR FIXED TERM — TERMINATION FOR FAILURE TO PAY RENT—RIGHT TO GROWING CROPS.—A lease for a fixed term of years, with rent payable at stated times, which is terminated by the act of the lessee alone, in failing to pay the rent when due, does not create an estate that would entitle the lessee or his subtenant to claim the growing crops or emblements after such termination of the estate.

ID.—UNLAWFUL DETAINER—SUBTENANT NOT IN ACTUAL OCCUPANCY—
JUDGMENT AGAINST TENANT BINDING ON SUBTENANT.—In an action
of unlawful detainer, after default in the payment of rent, a judg-
ment against the tenant for the rent due and restitution of the prem-
ises is binding on a subtenant, who was not in the actual occupation
of the premises either at the time of the service of the three days de-
mand for the payment of the rent, or at the time of the commence-
ment of the action, and who was not made a party defendant
therein.

ID.—SUBTENANT NOT ENTITLED TO GROWING CROPS.—The subtenant is not
entitled to claim the growing crops or emblements after such termina-
tion of the leasehold estate, if neither he nor the original tenant
satisfies the judgment within five days, as provided by section 1174
of the Code of Civil Procedure, nor obtains relief from the for-
feiture under section 1179.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order refusing a new trial.
George E. Church, Judge.

The facts are stated in the opinion of the court.

Haas & Dunnigan, for Appellants.

Frank P. Dougherty, and Kemper B. Campbell, for
Respondent.

SHAW, J.—This is an action in claim and delivery involv-
ing certain personal property, consisting of 175 tons of hay
and 709 sacks of barley originally harvested from the lands
of the defendants. The court below gave judgment that
plaintiff was entitled to the possession of said property, from
which judgment and from an order denying a motion for new
trial the defendants appeal.

On August 31, 1907, defendants were the owners of a tract
of land designated as Lot B, containing 1,767 acres, of the
Rancho Los Virgenes. On that date they entered into an
agreement with one Pierre Agoure, uncle of plaintiff,
whereby the land was leased to Pierre for a period of five
years from November 1, 1907, at a rental of eight hundred
dollars per annum, payable semi-annually in advance on the
first day of April and November each year. In November,
1911, Pierre entered into an agreement with the plaintiff
whereby the latter was to farm a portion of the land leased
by Pierre, being one tract of ninety-five acres and one tract

of sixty-five acres, the plaintiff to receive three-fourths and
Pierre one-fourth of any crop harvested therefrom. The hay
and barley in controversy were produced under this agree-
ment. Plaintiff plowed a part of the two parcels in Decem-
ber, 1911, and the remainder in March, 1912. The sowing
was completed on March 24, 1912. On April 25th, and for
three days and a half afterward, he was harrowing one of the
parcels. There was no proof of cultivation at any other time.
There was no house on the land or on the 1,767 acres of
which it formed a part. Plaintiff resided in Ventura County,
two miles from the land. The parcels cultivated by plaintiff
were not inclosed or in any way separated from the larger
parcel. Plaintiff was not in actual possession or occupancy
of the parcels, or any part thereof, except during the times
aforesaid when he was plowing, sowing, and harvesting the
same. The installment of rent due on April 1, 1912, from
Pierre to the defendants was not paid. On April 5, 1912,
defendants served on Pierre Agoure a notice to quit within
three days for nonpayment of rent. The rent was not paid
and thereupon the defendants on April 23, 1912, brought an
action in unlawful detainer against Pierre. At the time the
notice was served and from that time until the action was
begun John Agoure was not at any time in actual occupancy
of any part of the land. In that action the defendants here,
plaintiffs there, recovered a judgment for six hundred and
fifty dollars, being the amount of rent due and damages for
withholding the property by Pierre, and on June 4, 1912,
defendants were restored to the possession and occupancy of
the land by a writ of restitution. The next day plaintiff
entered upon the ninety-five acre tract, over the protest of
the defendants, and cut and baled the 175 tons of hay here
involved. Subsequently, defendants harvested the crop on
the sixty-five acre tract, from which they realized the 709
sacks of barley here involved. All of said property remained
in the possession of the defendants until claimed by the
plaintiff in the course of this action.

Appellants contend that the judgment in the action of un-
lawful detainer against Pierre Agoure is effectually binding
upon the plaintiff herein so as to preclude him from claiming
any right or title to the crops growing upon said lands.

The respondent has filed no brief in this court and it is not
apparent from the record upon what theory the court below

gave its judgment, unless it be upon the theory that in the proceedings in unlawful detainer the present defendants having obtained a judgment for the full amount of the rent due to the end of the term for which the lease was to run and damages for the detention of the land, they were fully recompensed, and that in equity and good conscience the lessee and those claiming under him were entitled to the use and possession of the land for the remainder of the term, notwithstanding the judgment dispossessing Pierre and restoring the defendants to possession. The lease between Pierre and defendants being for a fixed term of years, with rent payable at stated times, and having been terminated by the act of Pierre alone, in failing to pay the rent when due, it did not create an estate that would entitle the tenant or subtenant to claim the growing crops or emblements after such termination of the estate (Civ. Code, secs. 819, 820; Tiedeman on Real Property, sec. 59; 1 Washburn on Real Property, 6th ed., sec. 259), and it does not appear from the record that such a claim was made.

The action in unlawful detainer was carried to a successful conclusion by the defendants here (*Plummer* v. *Agoure*, 20 Cal. App. 319, [128 Pac. 1014]), and there was a due compliance with all the provisions of the Code of Civil Procedure relating to such action. Section 1161 defines unlawful detainer, subdivision 2 thereof providing that one is guilty of unlawful detainer who, in person or by subtenant, continues in possession, without permission of the landlord, after default in payment of rent and after three days' notice in writing requiring its payment, or the possession of the property, shall have been served upon him, and "if there is a subtenant *in actual occupation* of the premises, also upon such subtenant." The plaintiff in this action was, by his own testimony, not in the "actual occupation" of the premises, within the meaning of this statute. Subdivision 3 provides that within three days after service of notice the tenant, or any subtenant, *in actual occupation* of the premises, may pay the rent and save the lease from forfeiture, of which opportunity for relief neither the plaintiff nor his lessor availed himself. By section 1164 "no person other than the tenant of the premises and subtenant, if there be one, in the actual occupation of the premises when the complaint is filed, need be made parties defendant," so that plaintiff herein, not

being in the actual occupation of the premises, was not a necessary party to that action.  The judgment in that action was given May 1, 1912, in accordance with section 1174.  At no time within five days after such judgment did the plaintiff herein or Pierre Agoure offer to pay into court for the landlord the amount of rent and damages and the costs of the proceeding, thereupon to be restored to the possession of the premises, as provided in said section.

Up to this point in the proceeding the plaintiff, as subtenant, is clearly bound by any judgment affecting Pierre Agoure.  So far as any hardship may be deemed to have been visited upon plaintiff by the judgment both for the possession of the land and the rent due in full satisfaction of the terms of the lease, Pierre Agoure necessarily made the lease with full knowledge on his part of the provisions of our code with reference to one guilty of unlawful detainer because of nonpayment of rent, and plaintiff, as subtenant or as cropping contractor with Pierre, must be charged with equal knowledge that the term under which he contracted might be terminated at any time for such cause.  To prevent any hardship upon just such persons as the plaintiff herein the law throws about him the protection not only of section 1174, under which the judgment was given and by which plaintiff herein could have paid the rent within five days after judgment and obtained possession of the land, but also of section 1179, wherein one so oppressed is afforded relief against such forfeiture, upon proper showing, if made within thirty days after judgment, which relief plaintiff did not see fit to claim.  To allow the plaintiff to claim that which he did not avail himself of at the time the statute gave him the right to claim it, would be to defeat and set at naught the very object of the above provisions of the statute—the restoration of the landlord to the possession of the premises (*Arnold* v *Krigbaum,* 169 Cal. 143, [Ann.' Cas. 1916D, 370, 146 Pac. 423]), with all rights to the use and occupation thereof, which would include the growing crops thereon, unless the lessee or those claiming under him see fit to obtain relief as provided in the statutes.  It follows that the court erred in giving judgment for the plaintiff.

The judgment and order are reversed.

Victor E. Shaw, J., *pro tem.*, and Sloss, J., concurred.

Hearing in Bank denied.