[Civ. No. 2442.   Third Appellate District.—June 27, 1922.]

NORTH CONFIDENCE MINING AND DEVELOPMENT COMPANY (a Corporation), Respondent, v. C. S. FITCH et al., Appellants.

[1] APPEAL—MOOT QUESTIONS—DISMISSAL.—Where the questions presented on an appeal have become moot by reason of a judgment of reversal on a counter appeal, the appeal should be dismissed.

APPEAL from a judgment of the Superior Court of Tuolumne County. G. W. Nicol, Judge. Appeal dismissed.

The facts are stated in *North Confidence Mining and Development Co.* v. *Fitch, ante,* p. 329, and in the opinion of the court.

Richard Chute, *in pro. per.,* for Appellants.

Frank W. Street and Horace M. Street for Respondent.

FINCH, P. J.—The defendants appeal from the judgment herein adjudging that a certain promissory note and mortgage in favor of defendant Fitch for $9,439.04 are invalid for any amount in excess of $1,787.89 and enjoining

the defendants from collecting any greater sum upon said note. The facts are fully set forth in the opinion this day filed deciding plaintiff's appeal (*ante,* p. 329 [208 Pac. 328]) from the judgment holding the note and mortgage valid to the extent of $1,787.89.

Appellants contend that the plaintiff is not entitled to a judgment of cancellation because there is neither allegation nor proof that the plaintiff restored or offered "to restore defendants to the same position they would have been if they had not relied upon the instrument sought to be canceled." As pointed out in the opinion reversing the judgment, the defendants' position has not changed but they may still pursue every remedy which was available to them at the time of the execution of the note. The reversal of the judgment on plaintiff's appeal necessitates a retrial of all the issues raised by the pleadings as fully as if the case had never been tried. The other points argued on this appeal will not probably arise on the retrial of the case and no useful purpose would be subserved by a consideration of them in this opinion. It is sufficient to say that there is no merit in any of them.

[1] If the defendants alone had appealed it would be necessary to affirm the judgment, but an affirmance would be inconsistent with the judgment of reversal already given and would only lead to confusion. By the reversal already had, the questions presented by defendants' appeal become moot questions, their consideration not being necessary for the guidance of the court in the retrial of the case. Under such circumstances the appeal should be dismissed. (*San Jose Bank of Savings* v. *Bank of Madera,* 121 Cal. 543 [54 Pac. 85]; *Turner* v. *Markham,* 156 Cal. 68 [103 Pac. 319]; *Horton* v. *City of Los Angeles,* 119 Cal. 602 [51 Pac. 956]; *In re Treadwell,* 111 Cal. 189 [43 Pac. 584]; *Read* v. *San Diego Union Co.,* 6 Cal. Unrep. 845 [67 Pac. 1]; *Mendocino County* v. *Peters,* 2 Cal. App. 34 [82 Pac. 1124].)

The appeal is dismissed, the respondent to recover its costs on appeal.

Hart, J., and Burnett, J., concurred.