[Civ. Nos. 492, 876. Fourth Appellate District.—June 27, 1932.]

A. W. REEVES et al., Respondents, v. WILEY L. WAT-SON et al., Appellants.

Stearns, Luce & Forward for Appellants.

Harry W. Horton for Respondents.

SCOVEL, J., *pro tem.*—This is an action in unlawful detainer. It appears from the transcript that in 1928, plaintiffs, who were the owners of the real property involved herein, leased the same to defendant Watson for a period of approximately two years commencing July 20, 1929. Watson went into possession of the property upon the execution of the lease in 1928 and at said time executed a note in the principal sum of $2,000 as evidence of the amount of the rental, which, under the terms of the lease, fell due April 1, 1929. Neither the note nor the rental it evidenced were paid. A three days' notice demanding payment of the rental or possession of the premises was thereafter duly served upon Watson. More than three days having expired, and neither the rental having been paid nor possession of the property delivered to plaintiffs, the complaint in this action was filed. In addition to the foregoing facts it was alleged that defendants A. Giraudo, G. A. Murvin, and George Salata claimed some interest in a crop of cantaloupes growing on the leased premises. The complaint also prayed for the appointment of a receiver to care for, harvest and market the cantaloupes pending the action.

Upon the filing of the complaint an order to show cause why a receiver should not be appointed was issued. The summons, complaint and order to show cause, which was set for hearing on May 17, 1929, were duly served upon all the defendants except Watson. At the hearing on the order to show cause A. B. Monks was permitted to file a petition in intervention claiming the crop of cantaloupes by virtue of a bill of sale executed therefor by defendant Watson in March, 1929. At the same time an amended complaint was

filed by plaintiffs similar in all respects to the original complaint except that Monks was joined as a defendant. Neither Monks nor Watson were served with the complaint, amended complaint, summons, or order to show cause, prior to the hearing, but Monks appeared and through his attorney vigorously contested the appointment of the receiver. After a complete hearing of the matter the court appointed a receiver to take charge of, harvest and market the crop of cantaloupes, and in accordance with section 567 of the Code of Civil Procedure, the receiver's bond was fixed at the sum of $10,000. Watson did not appear at the hearing and the appointment of the receiver was, as to him, *ex parte*. The court failed to make an order for a bond to be executed by plaintiffs before appointing the receiver as required by section 566 of the Code of Civil Procedure where a receiver is appointed *ex parte*. Defendants Giraudo, Murvin and Salata thereafter disclaimed and are not involved in these appeals.

The receiver took possession of the crop, marketed and sold the same. Meanwhile, Watson had been served with summons and complaint by publication and his default for failure to appear was entered on July 8, 1929. The receiver, having marketed all of the cantaloupes, filed his report containing his receipts and expenditures on July 17, 1929. On July 18, 1929, Watson filed a motion to vacate his default, and on the same day Monks filed objections to the report of the receiver, together with a petition to vacate his appointment on the grounds, among others, ''that the said plaintiffs did not at any time before the making of the order appointing the said receiver execute or file an undertaking as required by law and that said application for the appointment of a receiver made by the plaintiffs was an *ex parte* application''.

On August 21, 1929, Watson's motion to vacate his default was granted and his answer filed immediately thereafter. The report of the receiver, Monks' objection thereto and petition to vacate his appointment were heard on July 26, 1929. The receiver's account and report were approved and his expenses and attorney's fees, in the sum of $2,080, allowed. The balance of the money in his hands was ordered paid into court. This was done and the receiver was discharged and his bondsman exonerated.

The hearing on Monks' objection to the appointment of the receiver and petition to revoke the same was continued to August 10, 1929, at which time Watson was permitted to join in the objection and petition. A written order denying the foregoing petition and objection was signed and filed by the court on November 16, 1929. From this order both defendants have appealed. This appeal will hereafter be designated as the first appeal.

The trial of the action was heard on April 28, 1930. It was stipulated at the trial that the note and the rental it represented were unpaid, that Watson had no defense to the action and that judgment should be entered against him. The only question litigated was as to whom the money impounded in court should be paid, defendants asserting it should be paid to Monks by virtue of a bill of sale to the crop given him by Watson prior to the termination of the lease. Judgment was entered in favor of plaintiffs for the amount of the rental then due, and $2,000 damages and increased rental, under section 1174 of the Code of Civil Procedure. The judgment further declared that plaintiffs were entitled to all net proceeds of the crops realized by the receiver but provided that if any of the defendants should pay to the plaintiffs within five days from the entry of the judgment, the amount of the judgment rendered against Watson, or should file within said five days an authorization for the payment to the plaintiffs of the amount of the judgment from the moneys held by the court, then the leasehold interests of defendant Watson should be restored and any balance of said funds be paid to him subject to any right therein of defendant Monks. From this judgment both defendants appeal, and in this opinion it will hereafter be referred to as the second appeal. It has been stipulated that the two appeals may be considered together.

We will consider first the second appeal, that is, the appeal from the judgment. In support of Monks' claim of title to the crop of cantaloupes, a bill of sale dated March 18, 1929, signed by Watson and purporting to transfer the crop to Monks, was introduced in evidence. The court found this to have been executed merely as security for the sum of $4,000 theretofore loaned Watson by Monks. Appellants claim the transaction was a completed sale. The evidence thereon is conflicting but sufficient evidence appears

in the transcript to support the finding of the court. Monks testified as follows: ''Q. What conversation did you have with Watson prior to the 18th day of March that led up to his giving you a bill of sale for these cantaloupes? A. I told him I would have to have something for the money I had put in and for the money I would have to put up to go ahead and I would have to have something or I couldn't go on. I took the bill of sale as security for what I had advanced and what I might thereafter advance. It was on the 16th day of March, if I remember it right, that I had this conversation with Mr. Watson, and told him I would have to have something to secure me for the money I had advanced. He then gave me this bill of sale on the 18th day of March to secure me for money I had advanced.''

█ It is true that Monks claimed he had advanced $11,000 on the crop before it was taken over by the receiver. We deem this immaterial, since after Watson, lessee of the property and owner of the crop, held over and remained unlawfully in possession, title to the crops on the land vested in respondents as lessors subject only, perhaps, to Watson's and Monks' right to claim the same after payment of respondents' judgment in accordance with section 1174 of the Code of Civil Procedure. (*Agoure* v. *Plummer,* 175 Cal. 543 [166 Pac. 311].)

█ Appellants insist, however, that the appointment of the receiver was void by reason of the failure to comply with the provisions of section 566 of the Code of Civil Procedure, and upon this contention the first appeal is based. Conceding their contention to be true it is difficult to see how they are in any manner aggrieved. As above set forth, it was stipulated that the rent was unpaid from which it necessarily follows that after the service of the three-day notice under section 1161 of the Code of Civil Procedure, Watson was guilty of an unlawful detainer of the leased property. Right to possession of the property, together with all crops growing thereon, immediately vested in respondents. (Code Civ. Proc., sec. 1161; *Agoure* v. *Plummer, supra.*)

Can appellants now complain that a receiver was unlawfully placed in possession of property which they did not own? From the time of his appointment no act of the receiver, even if without proper legal authority, could in any

manner injure appellants since the property over which the receiver exercised dominion no longer belonged to them. We do not believe they can question the act of respondents in placing a receiver in possession of their own property even though the statutory provisions relative to the appointment of a receiver were ignored. ■ True, section 1174 of the Code of Civil Procedure gives to appellants the right to satisfy the judgment and be restored to the prior estate. This section does not, however, purport to affect the title to crops growing upon the unlawfully detained lands prior to compliance with its provisions.

■ At the time judgment was given it could not be known whether or not the amount thereof would be paid by appellants in accordance with section 1174 of the Code of Civil Procedure. At that time respondents were entitled to all proceeds received from the crops and could not be deprived thereof until appellants had complied with section 1174 of the Code of Civil Procedure. The court therefore properly permitted the compensation of the receiver and his attorney's fees deducted from the funds collected by him. Perhaps if the appointment of the receiver be void, appellants, after paying the judgment pursuant to such section, might have a cause of action for the recovery of such compensation and attorney's fees as an injury to the estate to which they would be restored. A determination of this matter is not involved in this appeal and we express no opinion thereon. We are of the opinion, however, that they are not affected in any way by the order prior to complying with section 1174 of the Code of Civil Procedure. The trial court having properly found Watson guilty of an unlawful detainer, and title to the crops and proceeds thereof having thereby vested in respondents, all matters involved in the first appeal have therefore become moot. (*Burks* v. *Bronson,* 58 Cal. App. 143 [207 Pac. 1018]; *Mendocino County* v. *Peters,* 2 Cal. App. 34 [82 Pac. 1124].)

■ Appellants also attack certain findings made by the court in its order denying their petition for revocation of the appointment of the receiver. Any error in such findings is now immaterial, all questions as to the order based thereon having become moot.

■ Additional specifications of error are assigned relative to alleged failure of the court to find upon issues made

in appellants' objections to the receiver's account and report. The appointment of the receiver, even though void, having been harmless, appellants cannot at this time question the correctness of his report. A complete answer to these assignments of error lies in the fact that no appeal was taken from the order approving and confirming the account and report. The order approving the same was filed on July 26, 1929. Appellants' notice of appeal recites that it is taken from the order made on November 16, 1929, denying the objections of Monks and Watson to the appointment of the receiver and also denying their petition for the revocation of the appointment. Any error in the order confirming the account and report cannot therefore be reviewed.

The appeal from the order is dismissed. The judgment appealed from is affirmed.

Barnard, P. J., and Jennings, J., concurred.