JOHNSON et al. v. PFRIMMER.

No. 30590.   Dec. 5, 1944.

*154 P. 2d 767.*

Hudson & Hudson, of Tulsa, for plaintiffs in error.

H. L. Smith, of Tulsa, for defendant in error.

ARNOLD, J. As stated by defendants, "This is an appeal from a judgment of the court of common pleas of Tulsa county, Oklahoma. Plaintiff originally commenced an action in that court to recover a judgment against the defendants, who are all state peace officers, to recover damages for injury done to certain personal property owned by the plaintiff while the officers, the defendants herein, were conducting a raid in search of whisky in what was known as the Stork Club in the city of Tulsa."

At the conclusion of the evidence the defendants, and each of them, moved the court to direct the jury to return a verdict in favor of the defendants. The trial court reserved his ruling upon said motion for directed verdict, but sent the case to the jury. The jury returned a verdict in favor of the plaintiff in the sum of $380.50. The trial court having still under consideration the questions reserved, the defendants were required to file a motion for judgment notwithstanding the verdict, a motion for judgment and a motion for new trial. The trial court took all of the motions under advisement and finally sustained the motion for new trial, announcing that the court erred in submitting the question of negligence to the jury. The trial court overruled the motions for judgment which had been filed by the defendants. We shall continue to refer to the parties by the trial court designation.

The defendants contend:

"A. The trial court erred in overruling the separate demurrers of the defendants to the evidence of the plaintiff and erred in overruling the defendants' motion for directed verdict and erred in overruling the defendants' motions for judgment."

"B. Plaintiff possessed no property rights in the articles alleged to have been damaged."

"C. Evidence of the plaintiff wholly insufficient to establish conspiracy."

"D. Under no theory could the defendants R. A. West and Milo Beck be liable to the plaintiff."

In a separate appeal the plaintiff brought here the question of the correctness of the trial court's order granting new trial in this case, 195 Okla. 33, 154 P, 2d 765. Pfrimmer v. Johnson et al. We have this day approved the order granting the new trial. The approval of the order granting new trial to all defendants had the effect of setting aside the judgment leaving the parties in the same position as they were in prior to the trial.

Where all defendants file separate motions for new trial, an order of the trial court sustaining all motions for new trial has the effect of vacating all orders made in the trial of the cause overruling separate demurrers to the evidence and motions for directed verdict and judgment, and no appeal lies from such orders because granting of new trial leaves nothing on which the appeal can operate. See North Confidence Mining & Development Co. v. Fitch, 58 Cal. A. 335, 208 P. 330; Stephenson v. Home Ins. Co. of N.Y., 67 Mont. 193, 214 P. 954; Ingalls v. Bell, 43 Cal. A. 2d 356, 110 P. 2d 1068; Allegheny County v. Maryland Casualty Co., 132 F. 2d 894.

The case must be retried. It is unnecessary to pass upon the questions presented.

The appeal is dismissed.

All the Justices concur.