STATE BOARD OF AFFAIRS — CONTRACTS
The State Board of Affairs may not enter into contracts on behalf of the State of Oklahoma which exclude the counties unless the counties themselves decide not to avail themselves of the provisions of the contracts. The Attorney General has received your letter wherein you ask, in effect, the following question: Can the State Board of Public Affairs, or its agents, accept contracts on behalf of the State in which the counties' right to avail themselves of the provisions of such contract has been deleted ? Phrased in another way, you ask whether the State Board of Affairs must allow counties, municipalities, etc., to participate in the Board's contracts for the purchase of materials, supplies or equipment. Title 74 O.S. 85.2 [74-85.2](1) (1971) subsection (1), states: "The terms 'state agency' and 'agency' shall include any office, officer, bureau, board, counsel, court, commission, institution, unit, division, body or house of the executive or judicial branches of the state government, whether elected or appointed, excluding only municipalities, counties and other governmental subdivisions of the state." Title 74 O.S. 85.3 [74-85.3] (1971), states, in part: ". . . The provisions of this Act shall not apply to county government nor to institutions of higher learning . . . ." Title 74 O.S. 85.12 [74-85.12] (1971), states, in part: "Notwithstanding the exclusions provided herein, any agency or common schools of Oklahoma, any municipality of the State of Oklahoma, and county officers may, if they so desire, avail themselves of the provisions of the Oklahoma Central Purchasing Contracts and the services of the Purchasing Director." The Central Purchasing Act, Title 74 O.S. 85.1 [74-85.1] (1971) et seq., was originally passed in 1959. Section 74 O.S. 85.2 [74-85.2] has not been amended since that date. Section 74 O.S. 85.3 [74-85.3] was amended in 1968 to add the sentence, "The provisions of this Act shall not apply to county government nor to institutions of higher learning." Section 74 O.S. 85.12 [74-85.12] was amended in 1963, and again in 1969 and 1970, to allow counties, municipalities and any agencies or common schools of the State of Oklahoma to avail themselves of the Oklahoma Central Purchasing Contracts. To the extent that Sections 85.2 and 85.3 conflict with Section 85.12, the latter would prevail. In Stephenson, et al. v. O'Keefe, 195 Okl. 28,154 P.2d 767, it was held in the first paragraph of the syllabus: "Where conflict exists between statutes enacted in different sessions of the Legislature, the last statute in point of time will prevail; it being the last expression of the legislative intent." Concerning the legislative intent in the enactment of Section 85.12, and more specifically, the last paragraph of that section, Title 25 O.S. 1 [25-1] (1971), states: "Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears, and except also that the words hereinafter explained are to be understood as thus explained." In the case of McVicker v. Board of County Commissioners of the County of Caddo, 442 P.2d 297, 302, (Okl. 1968), the court said: "All courts recognize that if wording of a statute or constitution is plain, clear and unambiguous, its evident meaning must be accepted and there is no reason or justification for the use of interpretive devices to fabricate a different meaning." From reading Section 8a.12, it appears that county officers, and not the Board of Affairs, have the discretion in availing themselves of the provisions of the contracts involved herein. State boards and agencies may exercise only such power and authority as is specifically granted by statute, and may not go beyond what they are granted. See Tulsa Exposition and Fair Corporation v. Board of County Commissioners,468 P.2d 501 (Okl. 1970); and Boydston v. State, 277 P.2d 138
(Okl. 1954). Thus, if counties are to be excluded from availing themselves of the provisions of the purchasing contracts of the Board of Affairs, the decision to be excluded is one for the counties to make and not the Board of Affairs. At this point it should be pointed out that this opinion relates to contracts entered into by the State Board of Affairs on behalf of the State of Oklahoma and not to contracts on behalf of an individual agency of the State of Oklahoma. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The State Board of Affairs may not enter into contracts on behalf of the State of Oklahoma which exclude the counties unless the counties themselves decide not to avail themselves of the provisions of the contracts. (Todd Markum)