[Civ. No. 1377.  Second Appellate District.—November 20, 1913.]

## W. H. TAYLOR, Respondent, v. SIMI CONSTRUCTION COMPANY (a Corporation), Appellant.

CONTRACT—PROMISE TO PAY MONEY—EXECUTED CONSIDERATION—ABANDONMENT OF WORK.—Where a construction company promises, for value received, to pay a certain sum of money upon the completion of a water-plant and pipe-line which it has agreed to construct, it cannot, by abandonment of work on the water-plant, escape liability on its promise to pay the money.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Chase, Overton & Lyman, and P. B. Plumb, for Appellant.

Chas. T. Howland, and Bernard Potter, for Respondent.

JAMES, J.—A demurrer assigning the general ground that sufficient facts were not stated to constitute a cause of action, was interposed to plaintiff's complaint and overruled by the trial court.  Defendant failing to answer within the time alllowed by the court, judgment was entered in accordance with the prayer of the complaint.  This appeal, from that judgment, followed.

The contract upon which the action was brought, and which was set out in the complaint, was as follows:

"Los Angeles, Cal., December 26, 1911.

"For value received, Simi Construction Company promises to pay to John W. Sharpe the sum of one thousand dol-

lars, without interest, at its office in Los Angeles, California; said payment to be made within three days after water is turned on the first twenty-five or more acres of land subscribed by stockholders of the Moorpark Irrigation Company, other than the Simi Construction Company, itself.

"(Seal)                    SIMI CONSTRUCTION COMPANY,
                    "By R. S. Masson, President;
                              "Leta Masson, Secretary."

It will be noted that the contract was upon a consideration executed, the only uncertain condition being as to the date of its maturity.  Not being complete in its statement of the conditions upon the performance of which the money would become due, plaintiff set out in his complaint other facts as follows:

"III.

"That at the time of the execution and delivery of the said note the said Simi Construction Company had agreed and was proposing to construct a water-plant and a pipe-line and to pipe water and deliver the same to certain farmers in the vicinity of Moorpark, under an arrangement or association to be known as the Moorpark Irrigation Company, and it was proposed and understood that the said water-plant and pipe-line should be completed and water turned therein within three months from the date of the execution of the said note, and plaintiff further alleges that three months was a reasonable and ample time for the construction and equipment of said pipe-line and for the turning of the water on the first land subscribed by the stockholders of said Moorpark Irrigation Company.

"IV.

"That the defendant has not constructed the said pipe-line, nor has it made any effort or attempt so to do, but that the defendant has abandoned the construction and delivery of water to the subscribers, as hereinbefore mentioned."

For the purposes of a consideration of the ruling on the demurrer, the allegations in paragraph III may be disregarded wholly, in so far as they refer to the matter of what constituted a reasonable time for the construction of the water-plant and the turning of the water on the land referred to in the contract.  It sufficiently appears by appropriate

allegations that defendant had agreed to construct a water-plant and pipe-line and that this plan prior to the commencement of this action had been abandoned. If the defendant by abandoning its plan to construct the water-plant could postpone the date of the maturity of the debt evidenced by the writing, then the plaintiff, having parted with the consideration for which reimbursement was agreed to be made, could never enforce payment under the contract. It seems quite plain that no such contingency was contemplated by the parties. The defendant having agreed to make payment within a stated time after the happening of an event, could not by refusing to permit that event to occur escape liability upon its contract.

The complaint appears very clearly to state facts sufficient to constitute a cause of action, and hence the demurrer was properly overruled.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.