[Civ. No. 1955.   Second Appellate District.—February 14, 1916.]

## GWYNN E. HOPKINS, Respondent, v. CHARLES L. SANDERSON et al., Appellants.

APPEAL—MOTION TO DISMISS—SUFFICIENCY OF NOTICE OF APPEAL—RULE OF CONSTRUCTION.—A liberal rule of construction must be applied to notices of appeal in order to effectuate the rights of the parties to an appeal.

ID.—SUFFICIENCY OF NOTICE—FAILURE TO NAME ALL DEFENDANTS.— In an action against five defendants composing a board of trustees of a high school district, an appeal from the judgment will not be dismissed upon the alleged insufficiency of the notice of appeal which in the title merely describes the defendants as "Charles L. Sanderson et al., Defendants" (without naming each defendant), but in the body of the notice states "that the defendants above named desire to appeal and do hereby appeal . . . from the whole of that certain order . . . and from the whole of the judgment of the aforesaid Superior Court, etc."

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County, and an order denying a new trial.   Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

A. J. Hill, County Counsel, Hugh Gordon, Deputy County Counsel, and Frederick W. Smith, for Appellants.

M. P. Hopkins, for Respondent.

JAMES, J.—Motion to dismiss appeal for alleged lack of sufficient notice.  The respondent, as appears both from the affidavit of her attorney and the certified copies of documents presented by defendants, sued for and obtained judgment of *mandamus* against Charles L. Sanderson and four other persons mentioned in the title of the suit by name and as composing the board of trustees of the Whittier Union High School District.  A notice of appeal was given.  That notice bore at its head the title of the case in the following form: "Gwynn E. Hopkins, otherwise known as Mrs. M. P. Hopkins, Plaintiff, vs. Charles L. Sanderson et al., Defendants." In the body of the notice it was stated "that the defendants above named desire to appeal and do hereby appeal . . . from the whole of that certain order . . . and from the whole of the judgment of the aforesaid Superior Court . . .; and the defendants hereby request that the transcript of the testimony and evidence taken, . . . be made up and prepared."  The point upon which a dismissal of the appeal is asked is that the notice was insufficient to institute an appeal on behalf of all of the defendants who were sued in the action, as they are not named in the title which appears at the head of the notice of appeal.  As has already been stated, the defendants compose the board of trustees of the Whittier Union High School District and were sued jointly as such.  Taking the notice of appeal in its substance, it seems very clear that the intention was made manifest to take an appeal on behalf of all of the defendants.  There would be no room for question as to the sufficiency of this notice had the defendants, after designating the title as they have at the head of their notice of appeal, proceeded to state "that the defendants in the above-entitled action desire to appeal and do hereby appeal."  And in view of the liberal rule of construction which must be applied to

such notices in order to effectuate the right of the parties to an appeal, we feel it but reasonable to hold that the language employed by the defendants in the body of their notice, wherein the words are used, "the defendants above named," should be construed as indicating all of the defendants sued in the action and against whom judgment was entered. As sustaining the view that these notices should be liberally construed, we refer to the decision in the case of *Estate of Nelson,* 128 Cal. 242, [60 Pac. 772], in which case the supreme court suggests that where a notice of appeal is imperfect in a matter not deemed of vital substance, leave to correct under the permission given by section 473 of the Code of Civil Procedure might be taken. There is hardly any room for the claim in this case that the plaintiff could have been misled by the notice of appeal and left in doubt as to which of the parties intended to seek a review of the judgment awarded to her. The defendants composed an official board, and their interest in the action was, in that particular, joint. Necessarily, as plaintiff's counsel himself suggests, the appeal should be on the part of all of the defendants or none at all. Clearly, then, where the plural form was made use of in the wording of the notice of appeal, the intention was apparent that all of the defendants should be affected by the proceedings.

The motion to dismiss the appeal is denied.

Conrey, P. J., and Shaw, J., concurred.