No. 20,433.

A. R. GREENSTREET, *Appellee,* v. IDA B. CHEATUM and W. H. CHEATUM, *Appellants.*

SYLLABUS BY THE COURT.

1. UNCONDITIONAL PROMISE TO PAY DEBT — *Payment Postponed Until Happening of Future Event—Event Never Happens—Debt Payable Within Reasonable Time.* If the existence of a debt is conditioned upon the happening of an event it can not become enforceable until the event happens, but if a promise is made which constitutes a present liability and payment is postponed until the happening of an event which does not happen the law requires payment to be made within a reasonable time.

2. SAME. One person who had an interest in a residence transferred it to the other upon the agreement that the other would pay the former a certain sum of money, payment to be made when the residence could be sold for a stated price, which was about the actual value of the same. It was also agreed that the liability so fixed should constitute a l'en upon the property. The residence was never sold, and about two years after the agreement was made the house was burned and the

obligor collected a substantial amount of insurance for which she had contracted and paid. Shortly afterwards she built another house which cost only one-third of the insurance received and which was worth much less than the one which was burned. In this condition it became improbable that the property could ever be sold for the price named in the agreement. *Held,* that a liability was created when the agreement was made and the property transferred, that under the circumstances the debt became payable within a reasonable time and that a reasonable time had elapsed when the action to enforce payment was begun.

Appeal from Kingman district court; PRESTON B. GILLETT, judge. Opinion filed December 9, 1916. Affirmed.

*A. L. Noble,* of Winfield, and *J. N. Tincher,* of Medicine Lodge, for the appellants.

*H. E. Walter,* and *John H. Connaughton,* both of Kingman, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by A. R. Greenstreet against Ida B. Cheatum and her husband to foreclose a lien upon real estate, created by the terms of a separation agreement.

The plaintiff and defendant Ida B. Cheatum, who were formerly husband and wife, were divorced in March, 1912, in contemplation of which they had entered into the contract respecting a division of their property. By its terms the defendant was given all the household goods and personal property and also the property in controversy which had been owned by the plaintiff and occupied by him and his wife as a home. This property was given, however, subject to the payment to the plaintiff of the sum of $1450, due and payable as soon as the property could be sold for $3800, and it was further stipulated that the $1450 should be a lien upon the property the same as a real-estate mortgage. In a subsequent suit a divorce was granted, the wife was awarded the custody of the minor children, and the plaintiff's lien, provided for in the separation agreement, was ratified and confirmed. The decree recited that the $1450 claim and lien should be "due and payable as soon as said real estate can be sold for the sum of $3800 or when the same is sold for any sum," and provided that the lien

should have the status of a real-estate mortgage. The property at and after the time the contract was made was estimated to be worth $3500, the house, a large two-story thirteen-room residence with bath and halls, representing about half that value. The defendant and her children lived in the house, and in November, 1912, she married her codefendant Cheatum. In April, 1914, the house was destroyed by fire, and upon proof of loss, the defendant received $2100 in insurance and thereafter erected a small six-room house valued at about $700. The lots upon which it was built were found to be worth about $1800 and with the small house erected thereon the property was worth about $2500. It was further found that in view of the present situation of the property and conditions existing in that locality there is little prospect that the property can ever be sold for the sum of $3800. The court found that a present existing debt had been established and that as no definite time had been fixed for the payment of the debt it became payable within a reasonable time and that as a reasonable time had elapsed for payment a decree of foreclosure should be entered under which the mortgaged property should be sold to satisfy the plaintiff's lien. Judgment was accordingly given and the defendants appeal.

They contend that the obligation of the plaintiff to pay the $1450 was contingent upon the happening of the event named in the separation agreement and the decree of divorce and that until it does happen no debt exists and no recovery can be had. If the existence of the debt is conditional upon the happening of a contingency, payment, of course, can not be enforced until the contingency happens. On the contrary, if a debt was in fact created and an absolute liability arose, payment of which was to be made upon the happening of an event which does not happen, the law requires payment to be made within a reasonable time. The intention of the parties as evidenced by their agreement and the attending circumstances must determine whether the debt is contingent or absolute. The plaintiff and his wife reaching the conclusion that they could no longer live together agreed upon a division of their property and an assumption by each of certain liabilities. To the wife was given the household goods and personal property and also the residence which has been mentioned, as her absolute property, for which she obligated herself

to pay her husband $1450, which was made a lien upon the residence. He was to pay two small claims while she was to pay a lien on the property for $450. Both parties had an interest in the property divided and it was their manifest purpose that each should have a share of it. As it was not subject to division in kind it was agreed that she should take all the property and pay him in money $1450. The property was transferred to her upon the consideration of her obligation to pay the sum of money and when the property passed to her the indebtedness to him came into existence. It was stated in their agreement that the indebtedness should be treated the same as a real-estate mortgage on the property and that it should be collected the same as any other liability. It was evidently the purpose of the parties that the property would shortly be sold by her and that $3800 could be realized from it. Accordingly they fixed the event of the sale as the time when payment of the acknowledged liability should be made. Under the circumstances it is clear that an absolute liability of the wife was created when the property was transferred to her. The amount of the debt was not to depend on the selling price of the property, but was a fixed amount which was made a definite lien on the property. The promise made, which she in her agreement calls a liability, was fixed and everything in the promise was definite except the time of payment. It certainly was not contemplated that if circumstances arose which prevented a sale of the property the debt should never be paid. (*Jones v. Eisler,* 3 Kan. 134; *Palmer v. Hummer,* 10 Kan. 464.) The well-settled rule is that if a debt in fact exists which has all the essentials except fixing a definite time of payment, or if payment is made to depend upon a contingency which does not or can not happen, the law requires payment to be made within a reasonable time.

In *Benton v. Benton,* 78 Kan. 366, 97 Pac. 378, the obligor agreed to pay an acknowledged debt as soon as he could, and it was held that the obligation could not be regarded as a conditional one but as an actual liability which is payable within a reasonable time. It was there said:

"The mere admission of the debt is sufficient to establish an absolute legal liability, lacking only the element of maturity to make it available as a cause of action. It is entirely inconsistent with the spirit and purpose of the engagement to suppose for a moment that the parties con-

templated that the avowed obligation should never be capable of enforcement, even to the extent of the obligor's ability to pay, unless he should become financially able to meet the entire obligation at once." (p. 370.)

In *Randall v. Johnson,* 59 Miss. 317, the court was considering a promise to pay a certain sum of money, procured to pay for the rigging of a vessel, within ninety days after the first return trip of the vessel, and it was held that the promise could be enforced although the vessel was lost at sea, and the debt was payable within a reasonable time; that is, in ninety days after the usual time required for a return trip. In *Williston v. Perkins,* 51 Cal. 554, it was ruled that where an agreement was made to pay for work done on a vessel when it was sold, the owner was entitled to a reasonable time to sell the vessel, and if he failed to sell it within a reasonable time the debt was enforceable. In *Crooker v. Holmes,* 65 Maine, 195, the maker of a note had promised to pay when he sold his residence, and it was held that the debt was absolute although the time of payment was indefinite. In *DeWolfe v. French,* 51 Maine, 420, the court held that when a debt is due absolutely and the happening of a future event is fixed as the time of payment, which future event does not happen as contemplated, the law implies a promise to pay within a reasonable time. In *Button v. Higgins,* 5 Colo. App. 167, it was held that a person who promised to pay for services when some real estate was sold should be held to pay within a reasonable time. *Nunez v. Dautel,* 86 U. S. 560, the court interpreted an obligation to pay a sum of money "as soon as the crop can be sold or the money raised from any other source" (p. 561) as an obligation to raise the money by one means or the other within a reasonable time, and that "it could not have been the intention of the parties that if the crop were destroyed, or from any other cause could never be sold, and the defendants could not procure the money from any other source, the debt should never be paid. Such a result would be a mockery of justice" (p. 562). *Noland v. Bull,* 24 Ore. 479, is quite like the case at bar. One who purchased a ranch for $2000 gave the seller an obligation to pay him $500, the balance of the purchase price of the ranch, as soon as the purchaser could sell the ranch for not less than $2500. The court held that the promise created an

existing debt which the obligor was bound to pay and that it should be treated as a promise to pay within a reasonable time whether the property was sold or not.

The mortgage debt which the defendant assumed to pay became an actual liability when the property was transferred to her. The payment of the same was postponed to an indefinite time. The fact that a sale was not made for the sum named did not cancel the debt. Neither did the destruction of the house discharge the obligation or any part of it. It only demonstrated that the contingency named as the time of payment was unlikely ever to happen. When the defendant, instead of rebuilding the house from the $2100 received as insurance, placed a small house upon the lots costing only $700 it became apparent that the property could not be sold for the price named. While the defendant was not required to reinvest the insurance money and restore the building as she might have done, her own act in erecting a cheap building on the premises made it reasonably certain that $3800 could not be derived from its sale. Under the circumstances we think a reasonable time for payment had elapsed and the court was justified in entering the judgment of foreclosure.

The judgment is affirmed.