[L. A. No. 4569.    Department Two.—November 20, 1918.]

ALFRED F. ROSENHEIM, Respondent, v. A. C. HOWZE
et al., Appellants.

CONTRACTS — ARCHITECTS' FEES — CONSTRUCTION.—Where a written con-
tract employing an architect to perform the architectural service for
a residence to be erected was certain as to the character of the ser-
vices, the amount of compensation fixed, and the price made due
and owing when the work was done, but the architect promised to
delay collection of his fee until the owner could secure money by
negotiating a loan, the employment cannot be held to be dependent
upon the securing of the loan, and if the loan was not negotiated,

the indebtedness became payable within a reasonable time; nor could the owner defeat recovery by abandoning the contract after the architect had performed his part.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. W. Butler, for Appellants.

Seward A. Simons, for Respondent.

MELVIN, J.—Plaintiff sued for a fee alleged to be due to him as an architect for designing and supervising the partial construction of a house on land owned by John Howze. There were two causes of action set forth in the complaint, one based upon an alleged written contract and the other was a declaration upon *quantum meruit*. Judgment was given for plaintiff in the sum of $2,300.80 and costs. Defendants (as successors of John Howze, deceased) appeal from the judgment and from an order denying the motion for a new trial.

One of the objections urged to the judgment by the appellants is that no recovery on *quantum meruit* may be had because more than two years had elapsed between the time when the work was completed and the filing of the complaint herein. We need not decide, however, whether or not the statute of limitations bars recovery upon the second cause of action pleaded, because the court correctly found that John Howze was liable for the payment of the architect's fee under a written contract.

The uncontradicted evidence shows that the plaintiff wrote to the defendant on April 15, 1908, a letter of which the material part is as follows:

"The undersigned hereby proposes and agrees to render architectural services in connection with your new residence, proposed to be erected in Westchester Place, for a fee of 10% on the first $20,000, 8% on the next $10,000, and 6% on everything over $30,000, figured on the total cost of the same when completed, as per the schedule of minimum

charges of the American Institute of Architects, copy of which is hereto attached.

"I also offer my services in assisting you to the extent of arranging with the contractor to carry the work of construction forward to the point of completing the wooden frame and covering it with the rough boarding and outside trimmings before demanding any payment on account of *his* contract.

"I will further agree to make no demand for payment on account of my own services until you have succeeded in negotiating a loan."

On April 21, 1908, Mr. Howze wrote his acceptance upon this letter.

Subsequently the plaintiff, acting under direction of defendant, and with his full sanction, made arrangements with a contractor who was willing to prosecute the work of building without any payment on account until the construction should go forward to the point indicated in the letter quoted above. Plaintiff also furnished the necessary sketches, detail drawings, plans, etc., necessary for the construction of the house. The court found that thereafter, and without any default on the part of plaintiff, Mr. John Howze abandoned the construction of said residence and declined to let the bidding contractor carry on the work of construction at all; that the said Howze did not make diligent, proper, or reasonable efforts to secure a loan upon his premises and the building to be erected thereon; that plaintiff's full fee would have been $3,028, and that he had earned three-fifths of such sum, payable in case of abandonment, or $1,816.80.

Appellants assert that the finding that Mr. John Howze did not make diligent efforts to secure a loan is outside the issues made by the pleadings, and the same contention is made with reference to the finding that plaintiff made no demand for payment on account of services until a reasonable time had elapsed after due performance by plaintiff and abandonment of the construction of the building by Mr. Howze.

Neither of these objections to the findings is valid.

Considering first the understanding of the meaning of the agreement by the contracting parties, it is evident that Mr. Howze recognized the validity of Mr. Rosenheim's claim. The latter wrote to Mr. Howze in November, 1910, demand-

ing one thousand dollars on account and the balance at about the first of the succeeding year. To this communication Mr. John Howze replied in a letter assuring the architect that he had not been forgotten, referring to the writer's unchanged financial condition, and closing with the sentence, "Kindly allow me to reassure you that I will take care of you at the earliest possible moment."

This and other evidence in the case demonstrated that the contracting parties did not believe the plaintiff's compensation was dependent upon the mere caprice of the owner of the property who contemplated the building of a place of residence upon his land. The contract did not provide for the payment of the architect *only* in the event of the securing of a loan by Mr. Howze. There was an agreement for services certain in their character, and the amount of compensation was fixed. Under the terms of this writing the agreed price was due and owing when the work was done, but the architect promised to delay collection of his fee until Mr. Howze could secure money by negotiating a loan. There is absolutely no room for a construction of this document which would make the employment of Mr. Rosenheim to do any work at all dependent upon the precedent condition that Mr. Howze should succeed in negotiating a loan. If there were the slightest reason for such a construction in the language of the contract, it would disappear when we consider the conduct of the parties to the writing. Mr. Howze could not, therefore, by abandoning the contract, defeat recovery by the plaintiff, who had fully performed his part. If he did not negotiate a loan, the indebtedness became payable within a reasonable time. (*Nunez* v. *Dautel*, 19 Wall. 560, [22 L. Ed. 161]; *Williston* v. *Perkins*, 51 Cal. 554; *Greenstreet* v. *Cheatum*, 99 Kan. 290, [161 Pac. 596]; *Randall* v. *Johnson*, 59 Miss. 317, [42 Am. Rep. 365]; *Doe* v. *Thompson*, 22 N. H. 217; *Sears* v. *Wright*, 24 Me. 278.) Therefore, the findings attacked were responsive to the issues and support the judgment of the superior court.

The judgment and order are affirmed.

Wilbur, J., and Lorigan, J., concurred.