[Civ. No. 3865. Second Appellate District, Division Two.—June 16, 1922.]

DANA BURKS, Appellant, v. L. B. BRONSON et al., Respondents.

[1] JUDGMENTS—NONSUIT—DISMISSAL—JURISDICTION.—A judgment of nonsuit is a final judgment, and after such a judgment has been regularly entered the court is without jurisdiction to enter a second judgment dismissing the action.

[2] ID.—RESPONSIBILITY FOR INVALID JUDGMENT—ESTOPPEL.—The fact that such purported judgment of dismissal was made at the instance of the defendants would not estop them from asserting the invalidity thereof, based upon the lack of jurisdiction, upon an appeal from such judgment by the plaintiff.

[3] ID.—APPEAL—MOOT QUESTION—DISMISSAL.—Where a reversal of a judgment of dismissal would not affect the force or finality of a prior judgment of nonsuit, it would be a useless thing for the appellate court to pass upon the merit of an appeal from such judgment of dismissal or to order a reversal thereof, and such appeal will be dismissed.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

Claud B. Andrews for Appellant.

Goodwin & Morgrage for Respondents.

CRAIG, J.—This action is one for specific performance of a contract for the sale of a lot. The defendants and respondents ask that the appeal be dismissed and base their contention in this regard upon the following facts:

Upon the date of the trial, to wit, February 23, 1921, and when the plaintiff had closed his case, a motion for a nonsuit was made by the defendants, was ordered granted by the court; on the same day this order was entered on the minutes and noted in the register of actions by the clerk. From this judgment no appeal has been taken. On March 22, 1921, the trial court entered a second judgment, this being one to dismiss the action. From this judgment

the plaintiff has appealed and it is this appeal which we are now asked to dismiss.

[1] The judgment of nonsuit was a final judgment. (*Clark* v. *Superior Court,* 37 Cal. App. 732 [174 Pac. 681].) This being so, the court was without jurisdiction to make any other judgment. (*Darlington* v. *Butler,* 3 Cal. App. 448 [86 Pac. 194].)

[2] From the dilemma of this situation the appellant seeks to be relieved by invoking the rule that a party cannot successfully assign as error a ruling which he has himself invited the trial court to make. Several decisions are cited in support of this proposition. In none of the cases referred to was the error committed of such a character as to render the action of the court void because of want of jurisdiction. Lack of jurisdiction is not waived under the rule relied upon by appellant. (4 Corpus Juris, 586.)

It will be observed, further, that in the instant case a second reason exists for dismissal of the appeal aside from the fact that the judgment of dismissal is void. Suppose we were to hold that since respondents invited the · trial court to commit the error of entering a second judgment they should not be heard to assert its invalidity. It yet remains a fact, as shown by the record on appeal, that a judgment of nonsuit was regularly entered. [3] A reversal of the judgment of dismissal would not affect the force or finality of the judgment of nonsuit. It would, therefore, be a useless thing for this court to pass upon the merit of the appeal or to order a reversal of the judgment of dismissal. The questions presented would be entirely moot. Under such circumstances the appeal should be dismissed. (*Mendocino County* v. *Peters,* 2 Cal. App. 34 [82 Pac. 1124].) It is a settled principle that an appeal will be dismissed where the question in controversy has been determined either by another action or by another order in the same action. (*Amorisia* v. *Rando,* 88 N. Y. Supp. 356.)

The appeal is dismissed.

Finlayson, P. J., and Works, J., concurred.