[Civ. No. 5376. Second Appellate District, Division One.—May 18, 1928.]

LUCIAN E. WALLACE, Appellant, v. DAVID B. CARLIN, Respondent.

Walter W. Hoye for Appellant.

Carl E. Cameron for Respondent.

WOOD (W. J.), J., *pro tem.*—Plaintiff seeks to recover a sum alleged to have been earned as a salesman for defend-

ant. At the close of plaintiff's testimony defendant presented a motion for nonsuit, which was taken under advisement and on a later date, December 18, 1925, granted by the court. An entry of the order granting the motion was made upon the minutes of the court. On January 5, 1926, a judgment was signed by the trial judge and caused to be filed, in which the following appears: "Whereupon, upon motion of said counsel, said court *take* said motion under advisement, and thereafter and upon the 18th day of December, 1925, said Court decided to and did grant such motion for non-suit, and there was caused to be entered in the minutes of said Court a minute order granting judgment for defendant on defendant's motion of non-suit thereon; Now Therefore, pursuant to law and the premises, It Is Hereby Ordered, Adjudged and Decreed, that a judgment of non-suit be and the same is hereby entered in favor of defendant and against the plaintiff, on the ground that upon said trial the plaintiff has failed to prove sufficient facts to constitute a *course* of action in favor of plaintiff and against the defendant; It is hereby further ordered and adjudged that defendant have and recover against plaintiff its costs of suit herein, taxed at $——." A motion for new trial was made within due time and denied. On February 25, 1926, plaintiff filed the following notice of appeal: "Notice is hereby given that Lucian E. Wallace, plaintiff in the above-entitled cause, intends to appeal, and does hereby appeal, to the District Court of Appeal of the State of California, from the judgment of non-suit heretofore rendered in said cause in favor of defendant and against plaintiff, by the Honorable John L. Fleming, Judge of said court; which said judgment was formally entered of record in said court under date of Jan. 5, 1926."

■ Defendant asks us to dismiss the appeal, claiming that it was taken from the formal judgment entered on January 5, 1926, and that no appeal was taken from the judgment of nonsuit entered in the minutes on December 18, 1925. The order granting the motion for a nonsuit was a final judgment and as such was "effective for all purposes." (Sec. 581, Code Civ. Proc.) If, therefore, there is no appeal before us from the order of December 18, 1925, there is presented only a moot question. (*Burks* v. *Bronson,* 58 Cal. App. 143 [207 Pac. 1018].) We are of

the opinion, however, that plaintiff has in fact appealed from the judgment of nonsuit entered on December 18, 1925. Although it is necessary for the appealing party to specify the judgment or order from which he wishes to appeal, a liberal construction should be placed upon the notice in order that his rights to have a review of the proceedings may be preserved. The identification of the judgment appealed from must be made with reasonable certainty. (2 Cal. Jur. 315; *Hopkins* v. *Sanderson,* 29 Cal. App. 666 [159 Pac. 1063].) In his notice plaintiff states that he appeals "from the judgment of nonsuit heretofore rendered in said cause." In *Burks* v. *Bronson, supra,* the court referred to an order granting a motion for nonsuit as: "The judgment of nonsuit." It is therefore apparent that plaintiff did in fact appeal from the order of December 18, 1925. It was manifestly his intention to appeal from the judgment which terminated his action and he has in fact specifically referred to that judgment. The final words of the notice in which plaintiff refers to the formal judgment may be regarded as surplusage.

██ Defendant was contemplating the erection of a building to be known as the "Ambassador Apartments," and which was to be operated on what is commonly called the "Own-Your-Own Apartment" plan. He employed plaintiff to sell apartments in the proposed building, the contract between the parties being in writing and containing, among others, the following provisions: "Party of the first part agrees to employ party of the second part as a salesman for the sale of apartments in the proposed Ambassador Apartments and agrees to pay him for such services a sum equal to a five per cent commission on the total sale of each apartment. Said commission to be paid to party of the second part in the following manner. One per cent (1) shall be paid when the sale is accepted and the contract signed, and the balance of four per cent (4) shall be paid when the contract to erect the Ambassador Apartments is let. All payments for commissions shall be paid through the selling agents, The Davidson Investment Company. Party of the second part in consideration of the commission of five per cent (5) to be paid by the party of the first part as stated above agrees to devote his entire time to the sale of apartments in the Ambassador Apart-

ments and to use his best efforts in closing the sale. of apartments." It is established by plaintiff's evidence that he sold apartments for the total sum of $41,342.50. Defendant paid plaintiff a sum equal to one per cent of the total selling price. The project for the erection of the Ambassador Apartments was abandoned by defendant for the reason that he was unable to finance it. Plaintiff commenced the action to recover the remaining four per cent due him as commission more than a year after the last sale was made by him and after the project had been abandoned by defendant.

In the contract of employment defendant made an unconditional promise to pay "a sum equal to a five per cent commission on the total sale of each apartment." The remaining portion of the contract fixes the time when the commission shall be paid, one per cent to be paid upon the signing of the contract for the sale of the apartment and the balance upon the letting of the contract for the erection of the building. The agreement does not provide that the plaintiff should be paid his commission *if* the contract for the erection of the building should be let or *if* the project should not be abandoned. Defendant cannot by abandoning the project deprive plaintiff of his right to demand commissions which had been earned. The agreement is silent as to the time for the letting of the contract for the erection of the building. In such a case the law fixes the period as a reasonable length of time. The project having been abandoned and the plaintiff having waited a reasonable length of time, he now has the right to demand the sum earned as commissions. In *Taylor* v. *Simi Construction Co.,* 23 Cal. App. 308 [137 Pac. 1095], plaintiff sued upon a contract which provided that the payment should "be made within three days after water is turned on the first twenty-five or more acres of land," etc. The court said: "The defendant having agreed to make payment within a stated time after the happening of an event, could not by refusing to permit that event to occur escape liability upon its contract." In *Rosenheim* v. *Howze,* 179 Cal. 309 [176 Pac. 456], an architect was suing for a fee on a contract in which it was provided: "I will further agree to make no demand for payment on account of my own services until you have succeeded in negotiating a loan." In affirming a judgment

for plaintiff the court said: "Mr. Howze could not, therefore, by abandoning the contract, defeat recovery by the plaintiff, who had fully performed his part. If he did not negotiate a loan, the indebtedness became payable within a reasonable time. (*Nunez* v. *Dautel,* 19 Wall. 560 [22 L. Ed. 161]; *Williston* v. *Perkins,* 51 Cal. 554; *Greenstreet* v. *Cheatum,* 99 Kan. 290 [161 Pac. 596]; *Randall* v. *Johnson,* 59 Miss. 317 [42 Am. Rep. 365]; *Doe* v. *Thompson,* 22 N. H. 217; *Sears* v. *Wright,* 24 Me. 278.)"

The judgment is reversed.

Conrey, P. J., and Houser, J., concurred.