[Civ. No. 7378. Second Appellate District, Division One.—August 1, 1932.]

ABE GELFAN, Respondent, v. BESSOLO AND GUA-LANO, INC. (a Corporation), et al., Appellants.

Lawrence M. Cahill for Appellants.

Benjamin & Benjamin and Aaron Elmore for Respondent.

TAPPAAN, J., *pro tem.*—Plaintiff, who was a painting contractor, instituted this action against defendant Bessolo and Gualano, Inc., a corporation, which was the general contractor engaged in the erection of three separate apartment houses, for an alleged balance claimed by him as due under the terms of three agreements had with said defendant for the painting of said apartment houses, and as against defendant Angelo Bessolo under the terms of an alleged agreement of guaranty whereby said defendant guaranteed to plaintiff payment of the balances due him from Bessolo and Gualano, Inc., under the terms of his painting contract with said corporation.

Plaintiff's complaint contains five counts. The first three counts set forth three causes of action arising under the three separate painting contracts, a fourth count set up the cause of action upon the alleged contract of guaranty; and the fifth count of the complaint set out a common count for money. The defendants and appellants in their answer deny generally all of the material allegations of plaintiff's complaint. Defendant Angelo Bessolo denies the execution and delivery of the contract of guaranty, and further alleges that said contract was secured from him under an agreement that the signature of a co-defendant, Fidelity Union Casualty Company, was to be obtained by plaintiff to said agreement, which signature was not secured by plaintiff. The answer also set up a number of special defenses which in effect allege a failure on the part of plaintiff to complete his said contracts in accordance with their terms and specifications, to

the damage of defendants. The trial court found in plaintiff's favor and gave judgment for the sum claimed in the complaint less the sum of $70 allowed to defendants by reason of some minor omissions upon plaintiff's part. From this judgment defendants appeal.

Appellants' first attack upon the judgment is directed against the court rulings under which the alleged contract of guaranty was admitted in evidence. Appellants' first contention in this regard is that this contract was incomplete and not binding in that it had not been signed by all the parties who it was intended should become signers. The contract after reciting that plaintiff and defendant Bessolo and Gualano, Inc., had made and entered into certain painting contracts, provided:

"Whereas, work has been discontinued by mutual understanding between the parties hereto and the Fidelity Union Casualty Company; and, Whereas, the parties hereto and the Fidelity Union Casualty Company and Gilo Bessolo are desirous that the said work be completed by the said Abe Gelfan; and, Whereas, there are certain amounts due and unpaid on account thereof and on account of certain extra work authorized in writing by the said Bessolo & Gualano, Inc., Now, Therefore, the undersigned as sureties and guarantors agree as follows."

Then followed the agreement to pay the balances unpaid upon the painting contracts in consideration of plaintiff completing the said contracts, the terms upon which payment was to be made, and a statement of the balances unpaid upon the several contracts. This contract was signed by defendant Angelo Bessolo, and "accepted and approved" by defendants Bessolo and Gualano, Inc. Under the signature of defendant Angelo Bessolo there appears the following:

"Fidelity Union Casualty Company,
By
Vice-President."

The theory as advanced by appellant is that the contract upon its face shows that it was intended to be signed by the Fidelity Union Casualty Company. It is true that in some instances the failure of one of the contemplated parties to a contract, to become bound thereon, has the effect of rendering the contract voidable as to those who have become

bound thereon. Illustrations of this rule are found in the cases where the consent of one to be bound is predicated upon certain specified other parties becoming bound as well and also in those cases where the contemplated contract to be effective, involves the relinquishment of some right by one or all the parties before it can become operative. The case of *Barber* v. *Burrows*, 51 Cal. 404, cited and relied upon by appellants falls in the latter class, involving as it does the extension of time of performance of an existing contract, and the one who had failed to sign being a surety for the performance of the terms of the original contract. From an examination of the contract itself it does not appear that the Fidelity Union Casualty Company was a necessary party to the contract by its terms or one that was necessary to the contract so that the contract could be operative. If the theory as advanced by appellant is to be sustained at all it must be sustained by evidence that there existed some understanding or agreement between defendant Angelo Bessolo and the plaintiff that his, Bessolo's, signature was conditional in nature and subject to the Fidelity Union Casualty Company becoming bound with him.

From an examination of the evidence it appears that there is a sharp conflict in the evidence in this regard. Angelo Bessolo testified: ''Q. Now, just prior to signing this what did you tell Mr. Gelfan, if anything, or what did he say to you? A. I don't say anything at all, Mr. Gualano, he place that paper there and he says, now this is all right, don't worry, he told me, just sign, he says it is all right, and if he says it is all right it is all right with me, I would not worry anything he says. Q. That is what Mr. Gualano says? A. Yes, sir. Q. Then what did Mr. Gelfan say? A. Mr. Gelfan say nothing, he didn't say anything. Q. Now then you signed this instrument, did you Mr. Bessolo? A. Yes, sir. Q. And did Mr. Gelfan take possession of it at that time? A. Yes, sir.'' The Mr. Gualano referred to by Bessolo testified: ''Q. Well, what did he say, what did Mr. Gelfan say? A. Well, I don't remember exactly, but he said in effect that he would have the bonding company sign it. . . . He would proceed with the papers and return me a copy. . . . Well, I told him that the Fidelity Union Casualty Company I thought would probably not sign it. . . . He (Bessolo) wanted to make sure that the Fidelity Union Casualty Com-

pany would sign the agreement. He (Gelfan) told him he would go right over and have it signed.'' The testimony given by the plaintiff flatly contradicts Gualano's story that the delivery of the agreement to him was conditioned upon the securing of the signature of the bonding company. ■ There is substantial evidence presented by the record to support the finding of the trial court that the delivery of the agreement was not one upon condition; at best, there is but a conflict in the evidence, and the finding of the trial court cannot be questioned here.

■ Appellants' complaint that plaintiff failed to sign the agreement is without merit. The evidence shows that plaintiff was permitted to substantially perform the contract and under the circumstances presented here was entitled to enforce it though he had not signed. (Civ. Code, sec. 3388; *Cavanaugh* v. *Casselman,* 88 Cal. 543, 549 [26 Pac. 515]; *Winter* v. *Kitto,* 100 Cal. App. 302, 306 [279 Pac. 1024].)

■ What has been said in reference to the point just discussed is a sufficient answer to appellants' contention that the trial court was in error in overruling defendant Angelo Bessolo's motion for a nonsuit. The record also discloses evidence sufficient to support the judgment rendered as against this defendant.

■ Appellants next attack the sufficiency of the evidence supporting certain of the findings made by the court as to the special defenses set up in the answer. The record in each instance contains substantial evidence to support the finding as made and the best that can be said as to appellants' contention is that the evidence is conflicting in nature. This being the case, the question cannot be raised upon this appeal.

■ The fact that there is no evidence that ''notice of completion'' had been filed is immaterial under the circumstances as disclosed by the record. It does not appear that this question was raised by appellants at the time of the trial. The work required by the contract, as the court found, had been substantially completed. The buildings had been occupied before the time of the trial. The evidence as to the quality of the work was of a conflicting nature and the trial court chose to credit plaintiff's testimony rather than that of defendants. ■ The filing of the notice was an act that should have been performed by other than plain-

tiff. The authorities support respondent in his position that the proof of filing of the notice was unnecessary. (*Rosenheim* v. *Howze,* 179 Cal. 309 [176 Pac. 456]; *Wallace* v. *Carlin,* 92 Cal. App. 31 [267 Pac. 596].) In any event the notice of completion became necessary only because the original contract so provided, but that provision of the original contract was thereafter eliminated by a subsequent agreement of the parties. The evidence is sufficient to sustain the finding that plaintiff substantially performed his contract. (*Rischard* v. *Miller,* 182 Cal. 351, 353 [188 Pac. 50]; *Musto etc. Co.* v. *Pacific States Corp.,* 48 Cal. App. 452 [192 Pac. 138].)

An examination of appellants' other specifications of alleged error, many of which are but restatements of the matters presented elsewhere in the record and already discussed in this opinion, fails to disclose any error that would justify a reversal of the judgment.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.