## Strassburger *v.* Joseph S. Finch and Company, Appellant.

Argued September 30, 1941. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*A. Leo Weil, Jr.*, of *Weil, Christy & Weil*, with him *S. Allen Vatz*, for appellant.

*Thomas E. Kilgallen*, with him *Joseph I. Lewis*, of *Kilgallen & Lewis*, for appellee.

OPINION BY MR. JUSTICE PARKER, November 24, 1941:

Defendant in this action in assumpsit appeals from an entry of a judgment for want of a sufficient affidavit of defense. The controversy involves the interpretation of a writing fixing the rights of the parties.

On various dates in December, 1933, plaintiff's decedent purchased spirituous liquors from defendant. Prior thereto the Commonwealth had imposed the so-called "floor tax" (Act of November 22, 1933, Sp. Sess., P. L. 5, amended December 22, 1933, Sp. Sess., P. L. 94) of two dollars a gallon on alcoholic liquor. Defendant and others had filed a suit in the United States District Court to restrain enforcement of the act and had secured a temporary restraining order. As part of the purchase price of the liquors, decedent paid defendant two dollars a gallon, or a total of $4,230, and received from defendant the following agreement: "On account of disorder, we acknowledge receipt of $.. at the rate of $2 per gallon, which we shall hold in reserve as against our bond given to the State of Pennsylvania. In the event that the Pennsylvania Floor Tax shall be held valid and legal,

said payment shall be applied on account thereof, and in the event that the said tax is finally held invalid, the said payment shall be refunded, less allowances for expense connected therewith. All of the above is without prejudice to the litigation, now or hereafter, in respect to said tax."

Within three weeks after the last purchase, the suit in the district court was discontinued by defendant and the unconstitutionality of the act imposing the "floor tax" was not determined until the decision of this court in *Com. ex rel. v. A. Overholt & Co., Inc.*, and *Com. ex rel. v. Joseph S. Finch & Co.*, 331 Pa. 182, 200 A. 849. Plaintiff thereafter brought suit for the amount of the tax and defendant, in its affidavit of defense, denied liability under the agreement and averred that between the time of discontinuance of the suit in the district court and the decision in the Overholt case, supra, it paid the "floor tax" on the liquors it had sold to decedent and that the sums so paid could not be recovered from the Commonwealth.

The claim of the plaintiff is that the final adjudication by this court in a suit to which defendant was a party fixed the liability of the defendant for the amount of the tax placed in escrow with it. Defendant argues that the agreement should be construed to mean that it was not obligated to refund the "floor tax" unless the act levying it was declared unconstitutional in the suit pending in the district court at the time the agreement was made and unless the defendant has not paid the tax. In support of its position defendant cites the principle that the agreement must be read in the light of the circumstances as they existed at the time the words were written: Restatement—Contracts, section 235 (b) ; and refers to the facts that the defendant was a party to a suit pending in a district court and that the "bond" referred to in the agreement was the bond given by defendant when the preliminary injunction was granted.

It is not necessary to resort to any technical aids to construction in order to discover the meaning of this

agreement. We deem the meaning to be clear. If it were ambiguous it would be our duty to construe it in a light most favorable to plaintiff for the agreement was drawn by defendant: *Advance Indus. Supply Co. v. Eagle Metallic Copper Co.*, 267 Pa. 15, 109 A. 771; *Hempfield Twp. School District v. Cavalier*, 309 Pa. 460, 463, 164 A. 602. Furthermore, the circumstances all favor the construction adopted by the court below.

While it is doubtless true that the bond referred to in the first sentence was the one given in the pending litigation, that is not the clause that fixes the rights of the parties. The second sentence does deal with the subject of refund and does so in no uncertain terms. "In the event that the . . . Floor Tax shall be held valid and legal, said payment shall be applied on account thereof, and in the event that the said tax is finally held invalid, the said payment shall be refunded", etc. The words are clear; the tax was not to be paid until it was held to be valid, and the tax was to be refunded in the event of *any* final decision holding the tax unconstitutional in pending or future litigation. This construction is further fortified by the last clause which makes reference to "litigation, now or hereafter." It shows that the parties had in mind later as well as pending litigation.

Defendant also suggests that it is unreasonable to construe the agreement so as to impose on defendant an obligation to return the money which it has paid to the state and cannot now recover from the state. An exploration in that direction is decidedly unfavorable to defendant. Although defendant averred in the new matter added to its affidavit of defense that it had paid the tax to the Commonwealth, the opinion of this court in *Com. ex rel. v. Overholt*, supra, discloses the circumstances of the payment. Our decision in that case was incorporated by reference in the pleadings of the present case: Cf. *Philadelphia v. Reading Co.*, 295 Pa. 183, 145 A. 65. It is stated in the Overholt case (p. 187) that the Commonwealth agreed to purchase 4,220,441 gallons of liquor

from defendant and various amounts from other parties, and that "all these contracts provided that the companies were to pay to the Commonwealth at the time the liquor was purchased a tax upon the amount of gallons purchased, *provided the Commonwealth performed its obligation under the agreement.* The companies also reciprocally agreed (a) not to contest the constitutionality of the act; (b) to continue to pay the floor tax even though the act was declared unconstitutional as a result of a contest instituted by others; (c) not to seek refund of the tax paid pursuant to this arrangement. They also agreed to discontinue the actions pending in the Federal Court and to have that court vacate the restraining orders therein enjoining the enforcement of the tax."[1] (Italics supplied.) It is patent from (a) and (b) above and from the italicized words that defendant, as a part consideration for these large sales which must be assumed to have been for its advantage, was bargaining away plaintiff's rights. Consequently, even though the agreement being construed had referred solely to pending litigation, the defendant could not avoid its liability by entering into a contract of this character. The defendant is left without any support for its position.

We have no doubt that the agreement contemplated that the constitutionality of the act would be tested and that the tax was to be held until that question was determined. The tax was not "buried in the price paid" for the merchandise, since the agreement expressly provided for a refund of the tax if the tax was held invalid. Cf. *Casey Jones, Inc. v. Texas Textile Mills, Inc.,* 87 F. (2d) 454. Even though the agreement had contemplated that the validity of the act would be determined in the pending proceeding, that assumption would not aid defendant for its own voluntary action in discontinuing the pending suit for an independent consideration moving to it

---

[1] After purchasing less than twenty per cent of the liquors, the Commonwealth declared this agreement illegal and void and brought suit for the taxes.

made it impossible to have the question determined in that suit. It then became imperative that defendant should have the matter finally settled before it could be protected in the voluntary payment. Any payments made to the state by defendant were made pursuant to the voluntary contract between the defendant and the Commonwealth entered into in prejudice of plaintiff's rights and therefore cannot be considered as payment of the tax within the terms of the receipt. Cf. *Taylor v. Simi Construction Co.*, 23 Cal. App. 308, 137 Pac. 1095.

Finally, defendant argues that the "tax payments" it has made are properly deductible under the second sentence of the agreement as "allowances for expense connected therewith." It cites in support thereof two United States Board of Tax Appeals opinions[2] as authority for the proposition that a payment of an unconstitutional tax which could not be recovered is an ordinary business expense. Those opinions refer to deductible expenses for the computation of income tax and are irrelevant here where the question is what constitutes expenses within the meaning of the agreement between the parties. It would be absurd to hold that the phrase, "expense connected therewith", referred to the payment of the taxes, for such a construction would nullify the meaning of the agreement. We deem it clear that "expense connected therewith" meant expense in connection with any litigation to test the validity of the tax. Plaintiff does not dispute the lower court's computation of its pro rata share of expenses of litigation which was deducted from the amount of the tax in fixing the judgment. Plaintiff's cause of action arose June 30, 1938, when the tax was finally held invalid by the decision in the Overholt case. The lower court therefore properly held that the interest on the judgment should run from that date.

Judgment affirmed.

---

[2] *E. L. Bruce Co. v. Commissioner of Internal Revenue*, 19 B. T. A. 777, and *Guitar Trust Estate v. Commissioner of Internal Revenue*, 34 B. T. A. 867.