EWELL, Executor *v.* LANDING

[No. 63, October Term, 1951.]

*Decided January 10, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

Submitted on brief by *Staton, Whaley* and *Price* and *William H. Price,* for the appellant.

No brief and no appearance for appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This action was brought in the Circuit Court for Worcester County by Marion W. Landing, of Pocomoke City, to recover money alleged to be due and owing to him by L. Paul Ewell, executor of the estate of William J. Payne, deceased. The declaration contained only the common counts. But the plaintiff subsequently stated in a bill of particulars: (1) that his claim was for $550 loaned to the deceased on June 2, 1949; (2) that the loan was evidenced by a check for $550 signed by the deceased; and (3) that the check had not been cashed and the loan had not been paid.

At the trial of the case before the Court, sitting without a jury, on June 1, 1951, Mack D. Ward, of Worcester County, the plaintiff's main witness, testified that when he was in the plaintiff's grocery store in Pocomoke City on June 2, 1949, he heard Payne ask the plaintiff for a loan of one thousand dollars, and the plaintiff said that he did not have that much money to loan. Ward then testified that the plaintiff opened the safe in his store and took $550 out of a cigar box and handed the money to Payne. Payne offered to give the plaintiff a

note, but the plaintiff said that he did not want a note, and Payne thereupon said he would give him a check. The witness then testified as follows: "So he went in his pocket and got a check. * * * It was torn; and he asked Mr. Landing if he could get him a piece of sticky paper to stick it together. * * * After he got the money he gave him the check and signed it in the presence of me. * * * And he wanted to borrow the balance to make up the thousand dollars from me."

Plaintiff then introduced in evidence a check payable to his order for $550 drawn by Payne on the Citizens National Bank in Pocomoke City. Ward identified the check as the one which Payne signed in his presence in the plaintiff's store on June 2, 1949. Ward further testified that Payne told the plaintiff that he could cash the check as soon as he, Payne, sold his timber. Ward said that Payne had purchased a tract of timber land near Pocomoke City from the plaintiff: but when asked whether Payne had cut the timber, he replied with some uncertainty: "I think he sold it to Paul Jones."

At the close of the case the defendant filed a motion for a directed verdict in his favor, but the Court denied the motion and entered a judgment in favor of the plaintiff for the sum of $550, with interest and costs. The defendant, appealing from that judgment, contends that it was the understanding of the parties that Payne was to pay the money back when he sold his timber; that the burden was on the plaintiff to show that the debt was due and that the defendant had defaulted in payment; but that the plaintiff had failed to present evidence to show with certainty when the timber was sold, if at all.

We recognize, of course, that when the existence of a debt is contingent upon the happening of a future event, it does not become enforceable until the event happens. Moreover, if the event is one that is either wholly or partially within the promisor's control, and consequently not certain to happen, absolute liability cannot be inferred from a mere promise to pay, even though in writ-

ing, but must be sought in other terms of the instrument or in extrinsic circumstances. Therefore, the mere fact that a person promises to pay a sum of money when he sells certain property is not conclusive of absolute liability. However, we accept the principle that when a promise is such as to constitute absolute liability, and the parties agree that the debt shall be paid upon the happening of a future event chosen merely as a convenient time for payment, and the event does not happen as contemplated, the law implies a promise to pay within a reasonable time. *Sears v. Wright,* 24 Me. 278; *De Wolfe v. French,* 51 Me. 420; *Crooker v. Holmes,* 65 Me. 195, 20 Am. Rep. 687; *Capron v. Capron,* 44 Vt. 410; *Simon v. Etgen,* 213 N. Y. 589, 107 N. E. 1066; *Ubsdell v. Cunningham,* 22 Mo. 124; *Greenstreet v. Cheatum,* 99 Kan. 290, 161 P. 596; *Randall v. Johnson,* 59 Miss. 317, 42 Am. Rep. 365; *Hughes v. McEwen,* 112 Miss. 35, 72 So. 848 L. R. A. 1917B 1048; *Brown v. State Automobile Insurance Ass'n of Des Moines, Iowa,* 216 Minn. 329, 12 N. W. 2d 712, 718; *Button v. Higgins,* 5 Colo. App. 167, 38 P. 390; *Rosenheim v. Howze,* 179 Cal. 309, 176 P. 456; *Bartholomae Oil Corporation v. Oregon Oil & Development Co.,* 106 Cal. App. 57, 288 P. 814, 817; *Noland v. Bull,* 24 Or. 479, 33 P. 983; *Duncan Box & Lumber Co. v. Sargent,* 126 W. Va. 1, 27 S. E. 2d 68, 148 A. L. R. 1072; *George A. Fuller Co. v. Brown,* 4 Cir., 15 F. 2d 672.

This principle was applied by the Supreme Court of the United States in *Nunez v. Dautel,* 19 Wall. 560, 22 L. Ed. 161, 162. In that case the defendants had signed a paper acknowledging that they owed the plaintiffs $1,619.66, and then stating: "This we will pay as soon as the crop can be sold or the money raised from any other source, payable with interest." The Court held that payment was not conditional to the extent of depending entirely upon the alternatives mentioned, but the defendants had a reasonable amount of time within which to procure the means necessary to meet the liability. In upholding the right of the plaintiffs to recover, Justice Swayne emphatically stated: "It could not have

been the intention of the parties that if the crop were destroyed, or from any other cause could never be sold, and the defendants could not procure the money from any other source, the debt should never be paid. Such a result would be a mockery of justice."

In the case before us there can be no doubt that there was absolute liability, and that payment was merely postponed until timber could be sold. It cannot be supposed that the parties contemplated that in the event unforeseen circumstances should prevent the sale of the timber, the Court would not have the right to enter judgment in favor of the creditor. The reasonable interpretation of Payne's statement that the plaintiff could cash the check as soon as Payne sold his timber is that it was not a term of the loan, but merely an assurance or prediction that the check would then be good. Payne gave the check in June, 1949, and died in December, 1949. His will, probated by the Orphans' Court of Worcester County in January, 1950, appointed the defendant, who had been his attorney for many years, as the executor of his estate. The defendant was given notice of the plaintiff's claim, and the check was later filed against the estate in the Orphans' Court. The present suit was filed in the Circuit Court on March 29, 1951. The policy of the Testamentary Act has been to promote the prompt administration and settlement of estates. An executor is required by law to discharge all just claims known to him, or pay each claimant his just proportion of the money then in his hands, within thirteen months from the date of his letters, unless an extension of time is given by the Orphans' Court. Code 1939, art. 93, sec. 106; *American Jewish Joint Distribution Committee v. Eisenberg*, 194 Md. 203, 208-209, 70 A. 2d 44, 46.

In this case the plaintiff was prevented from testifying in the Court below by the Evidence Act, which declares that in actions or proceedings by or against executors or administrators of a decedent as such, in which judgments or decrees may be rendered for or against them, no party to the cause shall be allowed to testify as to

any transaction had with, or statement made by the testator or intestate, unless called to testify by the opposite party, or unless the testimony of such testator or intestate shall have already been given in evidence. Code 1939, art. 35, sec. 3; *Heil v. Zahn,* 187 Md. 603, 51 A. 2d 174; *Snyder v. Cearfoss,* 187 Md. 635, 641, 51 A. 2d 264; *Price v. McFee,* 196 Md. 443, 447-448, 77 A. 2d 11, 13. Nevertheless, the check, which Payne gave to the plaintiff, and which was introduced in evidence, was marked "For a loan." It had never been cashed and it was in the possession of the plaintiff at the time of Payne's death.

The judgment of the Court in this case cannot be set aside on the evidence unless clearly erroneous. General Rules of Practice and Procedure, part 3, subd. 3, rule 9 (c). As we cannot say that the Court was clearly wrong in believing the testimony for the plaintiff, the judgment in favor of the plaintiff will be affirmed.

*Judgment affirmed, with costs.*