Filed 3/17/15  Salmanzadeh v. Bosley Medical Group CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| GHORBAN ALI SALMANZADEH et al., | B249529 |
| Plaintiffs and Appellants, | |
| v. | (Los Angeles County Super. Ct. No. BC445812) |
| BOSLEY MEDICAL GROUP et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Terry A. Green, Judge.  Dismissed in part and affirmed in part.

Peters & Peters and Barbara J. Peters for Plaintiffs and Appellants.

Wilson Elser Moskowitz Edelman & Dicker and Melissa A. Murphy-Petros for Defendants and Appellants.

_____

*Factual Background*

On February 5, 2010, Ghorban Ali Salmanzadeh underwent an elective hair transplant procedure. The procedure was performed by Dr. Terrence Aragoni at the San Francisco clinic of Bosley Medical Group. Five days later, it was discovered that Mr. Salmanzadeh had suffered a stroke.

*First Amended Complaint, Trial, and Judgment*

Mr. Salmanzadeh and his wife, Julie Salmanzadeh, filed an action against Bosley Medical Group, Bosley Institute, Inc., Bosley Medical Institute of California, Inc., Bosley Inc., and Dr. Aragoni. Their first amended complaint alleges claims for fraud and deceit, misrepresentation, intentional infliction of emotional distress, battery, negligent failure to obtain informed consent, medical negligence, loss of consortium, breach of contract, and violation of Business and Professions Code section 17200.

The case proceeded to trial. Ultimately, judgment was entered in favor of plaintiffs in part and Bosley Inc. in part "in accordance with the jury's verdict" and the trial court's order granting a motion for directed verdict on plaintiffs' fraud, battery, and intentional infliction of emotional distress causes of action. Bosley Inc. was awarded costs in the amount of $7,295. Judgment was entered in the total amount of $1,238,533.71 plus interest in favor of plaintiffs on their negligence and loss of consortium claims against Bosley Medical Group and Dr. Aragoni.

*Appeal and Cross-appeal*

On June 20, 2013, Bosley Medical Group, Bosley Inc., and Dr. Aragoni (collectively defendants) timely filed a notice of appeal. On July 5, 2013, plaintiffs filed a notice of cross-appeal, seeking review of the trial court's nonsuit rulings.

While the appeal and cross-appeal were pending, but before the parties' briefs were filed, the parties participated in mediation under the auspices of this court's mediation program. Apparently no settlement was reached.

*Judgment is Satisfied in Full*

On May 12, 2014, Bosley Medical Group notified plaintiffs that it had decided to pay the full amount of the judgment with all accrued interest. On May 22, 2014, the

judgment was paid in full ($1,373,583).  On June 5, 2014, plaintiffs acknowledged satisfaction of the judgment, and on June 13, 2014, the acknowledgement of satisfaction of judgment was filed in the trial court.[1]

*Plaintiffs' Motion for Sanctions*

Meanwhile, on May 13, 2014, plaintiffs filed a motion for sanctions against appellants for filing a frivolous appeal.  They later filed an amended motion for sanctions, seeking $51,400 in attorney fees and $3,532 in costs.

*Defendants' Motion to Vacate the Judgment Against Dr. Aragoni*

On June 17, 2014, defendants filed in this court a motion to vacate the judgment against Dr. Aragoni, pursuant to Code of Civil Procedure section 128, subdivision (a)(8). Plaintiffs filed an opposition to that motion.

*Defendants' Opening Brief*

On August 7, 2014, defendants filed their opening brief, in which they assert: "Because Bosley Medical Group has fully satisfied the judgment, it and Dr. Aragoni are no longer pursuing their appeal of the judgment."  The only reason that they did not dismiss their appeal is because we had not yet ruled on their motion to vacate the judgment and they did not want to deprive us of jurisdiction to rule on that motion.

*Plaintiffs' Responsive Brief and Opening Brief in the Cross-appeal*

One week later, plaintiffs filed their response to defendants' opening brief and their opening brief in support of their cross-appeal.  They contend that the appeal is moot and that defendants should be sanctioned.  In their cross-appeal, they argue that the cause of action for fraud against Bosley Inc. should have been submitted to the jury. Alternatively, even if the claim should not have gone to the jury, Bosley Inc. should not have been awarded costs "based upon the unified defense and indemnity agreement."

---

[1]    We grant defendants' request for judicial notice and take judicial notice of the fact that the judgment was satisfied in full.

I. *Defendants' Motion to Vacate the Judgment Against Dr. Aragoni*

Code of Civil Procedure section 128, subdivision (a)(8), provides, in relevant part: "An appellate court shall not . . . vacate a duly entered judgment upon an agreement or stipulation of the parties unless the court finds both of the following:  [¶]  (A)  There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal.  [¶]  (B)  The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement."

Quite simply, we must deny the motion to vacate the judgment because there is no agreement or stipulation between the parties, a critical fact seemingly overlooked by defendants.  Having not satisfied the statutory requirement, defendants are not entitled to have the judgment against Dr. Aragoni vacated.

II. *The Appeal is Dismissed as Abandoned*

As set forth in their opening brief, Bosley Medical Group and Dr. Aragoni are not pursuing their appeal of the judgment.  The only reason that they did not dismiss their appeal was because we had not yet ruled on defendants' motion to vacate the judgment against Dr. Aragoni.  As set forth above, we have now denied that motion for failure to comply with the statutory requirements.  It follows that the appeal is dismissed as abandoned. (See *Moore v. Anderson Zeigler Disharoon Gallagher & Gray* (2003) 109 Cal.App.4th 1287, 1290, fn. 1.)

III. *Plaintiffs' Motion for Sanctions*

In their original motion and their amended motion, plaintiffs seek sanctions pursuant to Code of Civil Procedure section 907 and California Rules of Court, rule 8.276 against defendants for pursuing a frivolous appeal.

Code of Civil Procedure section 907 provides:  "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just."  (See also Cal. Rules of Court, rule 8.276.)  After careful consideration of the moving papers, we conclude that the motion must be denied.

Plaintiffs have not demonstrated either that the appeal was frivolous or that defendants filed their appeal solely for delay. Defendants filed their notice of appeal following entry of judgment, and plaintiffs have not established that defendants had no basis whatsoever to do so. Once the judgment was paid, defendants were cautious and protected their rights—they did not dismiss their appeal because they did not want to jeopardize this court's jurisdiction over their pending motion to vacate the judgment against Dr. Aragoni. Such a decision was prudent, even though we have now denied the motion to vacate the judgment. And given defendants' clarity in their reason for leaving the appeal open, we cannot imagine how plaintiffs incurred $51,400 in attorney fees. It follows that we deny plaintiffs' request for sanctions.

IV. *Plaintiffs' Cross-appeal*

    A. <u>Notice of Cross-appeal</u>

Defendants argue that because plaintiffs' notice of appeal fails to identify the name of each appellant, and instead uses the phrase "Ghorban Ali Salmanzadeh et al.," their notice of cross-appeal is defective. We disagree.

"The notice of appeal must be liberally construed." (Cal. Rules of Court, rule 8.100(a)(2).) The test is whether it is reasonably clear as to what the appellant was trying to appeal from and the respondent could have possibly been misled or prejudiced. (*In re Joshua S.* (2007) 41 Cal.4th 261, 272.) Moreover, the absence of a party's name from a notice of appeal does not deprive an appellate court of jurisdiction to consider issues related to the party as a matter of law. (See *Toal v. Tardif* (2009) 178 Cal.App.4th 1208, 1216–1217 [notice sufficient where judgment affected wife; husband signed notice of appeal but did not include wife's name in notice]; *Hopkins v. Sanderson* (1916) 29 Cal.App. 666, 668 [use of plural word "defendants" for parties in notice of appeal makes it apparent that all affected parties intended to appeal].)

Here, the fact that the notice of appeal refers to Mr. Salmanzadeh "et al." and the fact that it was filed by the same attorney who represented plaintiffs at trial make it clear that both Mr. Salmanzadeh and his wife intended to appeal from the order granting nonsuit.

5

B.  Fraud Claim

Plaintiffs argue that the trial court erred in granting a nonsuit of their fraud claim.

### 1.  *Procedural Background*

As set forth above, plaintiffs alleged a fraud and deceit claim against Bosley Inc. According to the first amended complaint, this cause of action alleges that Mr. Salmanzadeh relied upon fraudulent television infomercials and fraudulent printed literature in making the decision to undergo the hair transplant procedure.  After plaintiffs presented their evidence, the trial court granted a motion of nonsuit on the fraud cause of action, reasoning that plaintiffs could not show reliance.  The trial court stated:  "How do you show reliance other than just guessing?  And that's all you're doing is guessing."

### 2.  *Relevant Law*

We review the trial court's order de novo.  (*Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC* (2010) 185 Cal.App.4th 1050, 1060.)  While we evaluate the evidence in the light most favorable to plaintiffs (*Nally v. Grace Community Church* (1988) 47 Cal.3d 278, 291), plaintiffs cannot rely upon mere conjecture in order to prevail (*Kidron v. Movie Acquisition Corp.* (1995) 40 Cal.App.4th 1571, 1580).

The elements of a fraud claim are:  (1) a misrepresentation; (2) with knowledge of its falsity; (3) with the intent to induce another's reliance upon the misrepresentation; (4) justifiable reliance; and (5) resulting damage.  (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1255.)  "Justifiable reliance" consists of two elements:  (1) Actual reliance, that is a ""'complete causal relationship" between the alleged misrepresentations and the harm claimed to have resulted therefrom'"; and (2) reasonable reliance, meaning "'circumstances were such to make it *reasonable* for [the] plaintiff to accept [the] defendant's statements without an independent inquiry or investigation.'"  (*OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.* (2007) 157 Cal.App.4th 835, 864.)

### 3.  *Analysis*

With these principles in mind, we readily conclude that the trial court properly dismissed plaintiffs' fraud claim; plaintiffs could not establish the necessary element of

6

reliance as there was no evidence presented at trial that Mr. Salmanzadeh viewed the infomercial or reviewed the printed brochure. While Mrs. Salmanzadeh testified that she and her husband did see some sort of infomercial, she did not identify the specific one that they watched; she did not testify when they saw it, what time, or what network broadcast the infomercial. While she did state that one infomercial produced in discovery was "remarkably similar" to the ones she and her husband saw, there was no evidence regarding the actual infomercial that she and her husband watched.

Likewise, there was no evidence presented at trial that Mr. Salmanzadeh viewed and relied upon the Bosley brochure that Mrs. Salmanzadeh's sister found on his desk. Absent any evidence of reliance, the trial court properly did not send this cause of action to the jury.

### C. Cost Award to Bosley Inc.

Bosley Inc. submitted a memorandum of costs, requesting over $67,031 in costs. Plaintiffs filed a motion to strike and/or tax costs, arguing that Bosley Inc. was not entitled to recover any costs because there was a unified defense and indemnity agreement among defendants. The trial court granted the motion in part and denied in part, awarding Bosley Inc. $7,295.

Plaintiffs assert the same arguments on appeal. We review the trial court's award of costs for abuse of discretion. (*Bender v. County of Los Angeles* (2013) 217 Cal.App.4th 968, 990; *Najah v. Scottsdale Ins. Co.* (2014) 230 Cal.App.4th 125, 143–144 [costs under Code of Civil Procedure section 998].)

We are not convinced by plaintiffs' arguments. It has been held "that where one of multiple, jointly represented defendants presenting a unified defense prevails in an action, the trial court has discretion to award or deny costs to that party." (*Textron Financial Corp. v. National Union Fire Ins. Co.* (2004) 118 Cal.App.4th 1061, 1075, overruled in part on other grounds in *Zhang v. Superior Court* (2013) 57 Cal.4th 364, 382.) In light of the trial court's comments, we conclude that the trial court exercised its discretion, went through the record, and apportioned costs as it deemed appropriate. The

trial court significantly reduced the costs sought, and we cannot find any error in its decision.

As for plaintiffs' contention that the indemnity provision in some sort of agreement among defendants vitiates any award of costs, plaintiffs have not met their burden on appeal. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 [appellate court is not required to make an independent, unassisted search of the appellate record].) Plaintiffs direct us to one page of an agreement that contains a general indemnification provision, but we were not provided with a copy of the entire agreement. We cannot even determine what sort of agreement it is and who the parties are to it. While counsel purports to represent these terms in the parties' appellate briefs, "[i]t is axiomatic that the unsworn statements of counsel are not evidence." (*In re Zeth S.* (2003) 31 Cal.4th 396, 413–414, fn. 11.)

## DISPOSITION

Defendants' motion to vacate the judgment against Dr. Aragoni is denied. Defendants' appeal is dismissed. The judgment is affirmed. Plaintiffs' motion for sanctions is denied. The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, Acting P. J.
            ASHMANN-GERST

We concur:

_____, J.
      CHAVEZ

_____, J.
      HOFFSTADT

8